# Union Motor Car Co. *v*. Farmer.*

(Division B. Oct. 8, 1928. Suggestion of Error Overruled Nov. 5, 1928.)

[118 So. 425. No. 27090.]

*Corpus Juris-Cyc. References: Constitutional Law, 12CJ, section 997, p. 1221, n. 92; Judgments, 33CJ, section 25, p. 1068, n. 89; 34CJ, section 199, p. 68, n. 6; Replevin, 34Cyc, p. 1367, n. 25; p. 1441, n. 6; Sales, 35Cyc, p. 487, n. 35; p. 492, n. 67; Sheriffs and Constables, 35Cyc, p. 1673, n. 64.

*Roberts & Hallam* and *Royden Dixon,* for appellant.

738

*Maynard, Fitzgerald & Venable,* for appellee.

*Maynard, Fitzgerald & Venable,* on suggestion of error, for appellee.

ETHRIDGE, P. J. This action was brought by the appellant as plaintiff in the court below, based upon a promissory note executed by the appellee, H. H. Farmer, for the balance of the purchase money of one Mercer car, or automobile, of the sport model pattern, No. 4296, purchased from the appellant. The action was instituted upon a writ of seizure based upon a proper affidavit for the condemnation and sale of the automobile to satisfy the purchase-money lien. The declaration was

filed March 31, 1920, and the writ of summons and seizure was issued to the sheriff of the county on April 6, 1920. The sheriff seized the automobile, making a return on the same day that he had taken the automobile in his possession and placed it in the garage named in his return. After the automobile had been seized, Farmer, through his attorney, sued out a writ of replevin against the Imperial Garage and the sheriff, the car having been placed by the sheriff in this garage for safe-keeping. In the suit against the garage and the sheriff, Farmer tendered to the sheriff a bond signed by himself and two sureties conditioned for the forthcoming of the car in the replevin suit, and the car was taken, disposed of, and removed out of the jurisdiction of the court by the appellee. Thereafter the plaintiff in the original suit, Union Motor Car Company, proceeded with the trial in the circuit court and introduced a note signed by Farmer as being the purchase money due on such car, in which the car was described and the amount due named, and which provided for attorney's fees. Thereupon the plaintiff rested its case, and the defendant appears to have done likewise. Then a peremptory instruction was granted by the court to find for the plaintiff in the amount of the note, and said instruction was filed in the papers in said case, and the trial judge noted a jury and verdict for the plaintiff for such amount upon his docket. But the jury does not appear to have actually retired or to have returned a verdict into court. Thereafter motion was made for a new trial, and said motion was taken under advisement by the trial judge for decision in vacation. The motion was kept by the trial judge undisposed of until a regular term of court had intervened and adjourned; and on a day after the final adjournment of the circuit court, the judge entered a judgment in vacation which was entered upon the minutes of the court. Subsequently an execution was issued upon this judgment and turned over to the sheriff;

and a motion was made against the sheriff for failure to execute and return such execution. An appeal to this court was prosecuted from the judgment rendered on this motion against the sheriff, and on its hearing it was held that the trial judge had no power to render the judgment in vacation after the intervention of the term of court between the taking of the cause under advisement and the rendition of the judgment thereon. *Union Motor Car Co.* v. *Cartledge,* 133 Miss. 318, 97 So. 801.

After the mandate was returned to the court below, the plaintiff in the original suit served notice upon the defendant, the appellee here, that he would ask for an original proceeding before a jury, and undertake to prove all the issues of the case as an original trial, ignoring the former proceeding, and a copy of this notice was sent to the circuit court. When the next term of court convened, the plaintiff, the Union Motor Car Company, presented its contention, by motion, to set aside the other proceeding, and to start anew with the trial. The judge of the circuit court held that inasmuch as the first judgment, in which the motion for a new trial was overruled, was void, the motion for a new trial was still pending and was the only thing before the circuit court, and that he would first consider whether the motion for a new trial should be sustained or denied. He offered to permit the plaintiff to introduce proof upon the motion for a new trial, which offer the plaintiff declined and stood upon his rights to proceed with the trial anew as an independent trial. The motion for a new trial was thereupon overruled by the court, and a judgment was entered upon the verdict directed to be returned at the former term of the court.

The defendant, H. H. Farmer, introduced the papers and proceedings, including the instruction directing the jury to return a verdict for the plaintiff, and the docket

entries of the judge of the circuit court showing a jury and verdict for the plaintiff in the amount sued for.

It appears that in the former suit prior to the judgment the sheriff was permitted to amend his original return by showing the acceptance of the bond, as above stated; and the circuit judge on the present proceeding held that such bond was, in legal effect, a bond in the original proceeding and inured to the benefit of the plaintiff, the Union Motor Car Company, and offered the plaintiff the opportunity of taking proof of the value of the automobile so bonded and to proceed upon the bond given against Farmer and his sureties thereon. It appears further from the records introduced, among which is the record on the former hearing in this court, that the sureties had, at the time of the trial, become insolvent, and that the said bond had no real value at the time the judgment was entered. The judgment recites that this offer was declined, and, there being nothing to predicate a judgment for the value of the car so bonded, that a judgment should be entered against the defendant, H. H. Farmer, and Will Counts and R. C. Terry, sureties on the said bond of defendant; that, the court being unable to determine the form and substance of the judgment which should be entered against said defendant and sureties on the replevin bond, because of the fact that the value of the automobile had not been determined, and that no judgment could be rendered in the said cause on the said verdict, the court determined a writ of inquiry should issue for the determination of the value of the automobile; that the plaintiff, in open court, declined to accede to the issuance of the said writ of inquiry, and declined to avail himself thereof; that thereupon the court determined and ordered that the plaintiff do have and recover of the defendant, H. H. Farmer, the sum of three thousand seventy-three dollars and twelve cents, with interest at the rate of six per cent. per annum from and after May 21, 1921, together

with the costs accrued and to be taxed, for all of which let execution issue, to which judgment the plaintiff excepted.

We think that the judgment in vacation on the motion for a new trial being void, as held in a former decision of this court, it remains a pending motion; and it is proper and competent for the judge to determine from the instruction given directing the jury to return a verdict for the plaintiff for a given amount, and from the entries on his docket, the fact that such verdict existed. In section 772, Hemingway's 1927 Code (section 1016, Code 1906), it is provided:

"Where, in the record of a judgment or decree of any court of law or equity, there shall be a mistake, miscalculation, or misrecital of any sum of money, quantity of anything, or of any name, and there shall be among the records of the proceedings in the suit any verdict, bond, bill, note, or other writing of the like nature or kind, or docket or other memoranda by the judge or chancellor, whereby such judgment or decree may be safely amended, it shall be the duty of the court, and of the judge thereof in vacation, to amend such judgment or decree thereby according to the truth, but the opposite party shall have reasonable notice of the application for the amendment."

This statute recognizes the evidentiary value of the judge's entry upon the trial docket, and that in this case showing a jury verdict returned for the plaintiff, together with the instruction filed in the record directing the jury to return a verdict for a specific amount, is sufficient evidence of the fact of such verdict, although it was not entered upon the minutes of the court.

Under the present practice, where a judge directs the jury to return a verdict for a fixed amount for the plaintiff, it is not necessary for the jury to actually retire. It is the duty of the jury, in such case, to obey the instruction of the court; and the court may proceed upon

the theory that the jury had no discretion in the matter and as though the verdict were actually rendered by the jury, and may enter judgment thereon at a subsequent term, where, as in this case, there is a motion for a new trial reciting the return of the verdict and praying for it to be set aside, and an instruction directing the verdict in such amount as the instruction specifically directs them to render, and docket entries showing the return of a verdict in conformity with the instruction. It was competent and proper, therefore, for the circuit judge to treat the motion in the new trial as a pending motion, and to overrule it and proceed to enter the judgment in the manner provided by law upon such verdict.

We think, however, the judge was in error in refusing to enter the judgment condemning the car in this case, on the proceedings in this record, for the amount of the purchase money. The note showed upon its face the amount which was due and that it was for the purchase money for the car, and the affidavit and writ of seizure described the car as it was described in the note and with sufficient accuracy to locate the car with certainty, and, as the sheriff's return showed the seizure of the car of the kind and description in the note, with its valuation, it was proper to enter judgment for the amount shown by the note and for which judgment was entered, and the car should have been condemned to satisfy the purchase money. We do not agree with the trial judge that the bond taken, signed by Farmer and the two sureties named, was, in effect, a bond in this proceeding. That bond was given in a replevin suit against the sheriff and the Imperial Garage, and the Union Motor Company, the appellant, is not a party to that suit. A writ of replevin does not lie for property *in custodia legis,* and the property in this case was in the legal possession of the sheriff, who had placed it in the garage for safe-keeping, without surrendering control over it. He had no right to accept a bond in that

case, or to surrender the property in his possession under an illegal writ, and he must suffer the consequence of the wrongful surrendering of the property seized by him under the writ. If, however, judgment is rendered, and if the sheriff cannot make the sale, he can return the facts into court. Whether he is excused from making it arises on his failure to comply with the judgment; but the judgment should be rendered as above stated.

The judgment of the court below will therefore be reversed, and a judgment entered here in conformity to this opinion.

*Reversed and rendered.*

### On Suggestion of Error.

In the suggestion of error it is suggested that the court erred, first, because it denied the defendant trial by jury on a material issue of the case; second, because it denied defendant due process of law. Upon the first proposition it is contended that the defendant had a right to trial by jury upon the valuation of the car seized under the writ of seizure, and that the judgment rendered here by the court was improper, because there is no proof as to the value of the car.

On the trial the plaintiff offered in evidence a note taken for the balance of the purchase money for the car, reciting therein that the note was given for "the balance of the purchase money of the car," and described the car properly therein. The plaintiff introduced this note and rested. The defendant did not see proper to introduce any evidence whatever, but also rested.

As between the plaintiff and the defendant, we think the value of the car is immaterial. The car could be sold for the value of the purchase money, so far as the defendant is concerned, regardless of its actual value, and regardless of whether it brought more than the debt evidenced by the note, or less. The note itself was evi-

dence of the existence of the vendor's lien, and of the identity of the car, and, so far as the defendant is concerned, it is not necessary that a writ of seizure should be issued. In other words, the writ of seizure, and the sheriff's return therein, did not create the lien as between the plaintiff and the defendant. The lien existed by force of the statute, and the statute (section 2605, Hemingway's Code 1927; section 3079, Code of 1906) provides:

"The vendor of personal property shall have a lien thereon for the purchase money while it remains in the hands of the first purchaser, or of one deriving title or possession through him, with notice that the purchase money was unpaid."

This gives a lien for the purchase money on property sold while the property remains in the hands of the first purchaser, or of one deriving right or title through him with notice that the purchase money was unpaid. The lien existed by force of the statute, and it does not require that the writ of seizure issue, or that the sheriff shall obtain the custody of the property for the lien to exist. The issuance of a writ under the next section of the Code is permissive, and few plaintiffs would care to delay the issuance of process against the property until after judgment was obtained condemning property to be sold to satisfy the purchase money; but the plaintiff could do so, and the judgment could be obtained, establishing the lien, before the actual seizure of the property. Nowhere in the statute is such seizure required to constitute the lien. In section 2607, Hemingway's Code of 1927 (section 3081, Code of 1906), it is provided:

"If, upon the trial, it be found that the plaintiff is entitled to recover and to subject the property to the payment of his debt, judgment shall be rendered against the defendant for the debt and costs and also for the condemnation and sale of the property for the payment

of the same, or such part thereof as it may be found liable for."

It then provides that if the defendant has given bond for the property, and if the judgment and costs are less than the assessed value thereof, judgment shall be rendered against the defendant and sureties on his bond for the debt and costs; but, if the judgment be for a greater amount than the value of the property, the judgment shall be for the redelivery to the officer of the property, or, in default thereof, for its assessed value and costs. This provision for the assessed value of the property is for the benefit of the sureties, and not for the defendant.

Where the automobile is sold, the proceeds of the sale, where the property had not been bonded, are to be applied to the satisfaction of the judgment rendered; and, if there is an overplus after paying this judgment and costs, the overplus is paid to the defendant. If there is a deficiency of the proceeds of the sale of the automobile to satisfy the judgment, it is only satisfied to the extent of the fund. The note was evidence, and sufficient evidence, to establish the plaintiff's right to the lien for the amount of the note and interest, and for the sale of the car. It evidences by its own terms the fact that the note was for the purchase money, and describes the car. When the plaintiff rested its case, the case was being tried by a jury, and the defendant had a right to submit any defense, and the evidence of defense, to the jury, had he chosen to do so. He rested without offering any proof, and there was a directed verdict for the plaintiff. It was, therefore, proper for the court below to pronounce judgment for the amount of the verdict so directed, and to condemn the car to be sold to satisfy it.

There was no question, as we see it, of due process involved, as the defendant was duly summoned, and appeared and filed pleadings, and had the opportunity to

offer evidence, if it had any, to defeat the plaintiff's action. But in the proceedings in which the motion for a new trial was overruled by the circuit judge, the entire record in court was introduced, and was before the court, and the court had all the facts before it, and in that hearing the parties were accorded all rights to which they were entitled on such motion. At the end of the hearing on the motion, it was the duty of the judge to pronounce the appropriate judgment of the law. The judge pronounced an erroneous judgment, and the whole record was brought before this court, which, having the entire record before it, and being authorized by law to enter here such judgment as the court below should have entered, proceeded to do so. Both parties submitted briefs on the controversy, and their contentions were fully presented to the court, and we understand that the proceedings constitute due process of law.

The suggestion of error is therefore overruled.

*Overruled.*