STRINGER *v.* STATE

No. 40259          December 3, 1956          91 So. 2d 263

*Geo. D. Maxey,* Laurel, for appellant.

*John H. Price, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McGEHEE, C. J.

This is an appeal from a final judgment of the Circuit Court of Jones County rendered on November 25, 1955, condemning to be sold a Pontiac automobile of the value of $2,500, subject to a lien of the Universal C. I. T. Credit Corporation in the sum of $2,401.52 under a conditional sales contract executed by J. H. Stringer of Raleigh, Mississippi, in favor of the Alexander Motor Company of Bay Springs, Mississippi, whereby the said J. H. Stringer, as "customer", had promised to pay unto the said Universal C. I. T. Credit Corporation the original sum of $2,619.84, and which contract had been duly assigned by the Alexander Motor Company to the said Credit Corporation. The automobile was condemned to be sold as having been used by the codefendant Tilson (Bud) Stringer for transporting intoxicating liquors in violation of Section 2618, Code of 1942.

On May 20, 1955, a petition was filed on behalf of the State of Mississippi in the Circuit Court of Jones County by two police officers of the City of Laurel against Tilson (Bud) Stringer and J. H. Stringer as defendants, alleging that the officers had on that day served a valid search warrant upon the defendant Tilson (Bud) Stringer, in whose possession and under whose control the automobile is alleged to have been found by them. The petitioners further alleged that they found stored in the said automobile one case of intoxicating liquor to wit: whiskey, consisting of twenty-four half pints. The automobile was definitely and properly described and was alleged to be of the value of $2,500, and it was alleged that the same was being used "by said defendants to handle, store, conceal and transport the said intoxicating liquor in violation of the prohibition laws of the State of Mississippi.

The petitioners further alleged that they had been informed "and believe and, on such information and belief, charge that J. H. Stringer claimed an interest in

said vehicle at said time and place and now claims an interest in said vehicle and that the said J. H. Stringer knew that said vehicle was being used for the unlawful purpose'' aforesaid, but that as a matter of fact the said automobile was owned solely by the defendant Tilson (Bud) Stringer. Wherefore, they prayed in the petition that a writ of seizure issue directing the Sheriff of Jones County, Mississippi to seize and hold said automobile until the further order of the court and that process be issued to both of the defendants to show cause why the said automobile should not be condemned and sold because of its alleged unlawful use.

On that same day the Judge of the Circuit Court issued a fiat authorizing and directing the circuit clerk of the county to issue the writ of seizure as prayed for, directing the sheriff of the county to seize and hold, *without bond,* the said automobile until the further order of the said court. The sheriff executed the writ by taking the automobile into his possession and storing it at the county jail.

On June 4, 1955, the defendant J. H. Stringer filed a motion in the circuit court asking that the court enter an order, releasing the said automobile unto the said defendant, and which motion alleged that he had executed and filed in the cause a good and sufficient forthcoming bond, as required by law, in the penal sum of $5,000, being double the amount of the value of the said automobile, and further alleging that the said defendant ''is entitled to the immediate possession thereof.'' The bond referred to and which is styled ''replevin bond'' is in the sum of $5,000, and was approved by the sheriff of the county on the said 4th day of June 1955. The process for each of the defendants was duly issued on the day that the petition for the condemnation of the automobile was filed, and was personally served on the defendant J. H. Stringer on June 7, 1955, and on Tilson (Bud) Stringer on June 15, 1955.

The motion of the defendant J. H. Stringer for an order directing the sheriff to realease the automobile unto him on said $5,000 bond was overruled by the circuit judge at a hearing in vacation on June 15, 1955. In overruling the said motion the circuit judge called attention to the fact that the statutes (Sections 2618 and 2619, Code of 1942) providing for the condemnation and sale of an automobile used for the transportation of intoxicating liquors in violation of law, do not specifically make provision for the alleged owner of the automobile to obtain possession thereof by the giving of a forthcoming bond. However, said Section 2618, supra, does provide for the "seizure of any of said property and the summoning of the interested parties into court, as in proceedings for the enforcement of purchase price liens against property."

Section 337, Code of 1942, declares a purchase money lien in favor of a vendor under certain given circumstances. Section 350, Code of 1942, provides that "any person interested may contest the demand of the plaintiff on the return day of the writ, if returned, or on any day before the rendition of the final judgment in the case, by filing a statement in writing, under oath, of his defense or claim, * * * if any he has; and the case shall be at issue between the parties, and shall be tried as other cases in the court. And the judgment of the court shall be framed so as to adjust the rights of the several parties as to the subject-matter of the suit * * *"

The defendant, J. H. Stringer filed an answer setting up his claim. The petition to condemn the automobile prayed, among other things, "that process issue to said defendants commanding them to be and appear before this court at the regular July A. D. 1955 term to answer this petition, and to show any right, title or cause that either of them may have in and to said vehicle and to show cause, if any, they can," why the automobile should not be condemned and sold and the proceeds of the sale

deposited in the county treasury. Answer under oath was waived, and no point was made in the trial court, nor is any point made here that the defendant J. H. Stringer's claim to the automobile in question was not sworn to.

Section 361, Code of 1942, as contained in Chapter 5 of the Code of 1942, dealing with statutory liens, provides that "All persons having an interest in the controversy * * * by virtue of this chapter, shall be made parties to the suit"; and Section 364, Code of 1942, dealing with enforcement of statutory liens, provides that "The circuit court may direct the formation of such issues, to be tried by a jury, as may be necessary for the determination of all matters controverted in the pleadings; and such issues shall be tried by the same rules of evidence and practice that prevail in other cases at law * * *."

It was held in the case of Adlinger v. State, 115 Miss. 314, 74 So. 441, that where the undisputed facts showed that the owner of an automobile did not know that the same was being used to transport intoxicating liquors and had not been negligent in regard thereto, the circuit court could not order the car forfeited and destroyed.

The question, therefore, arises as to whether or not an automobile can be condemned and sold when seized in the possession of a third person, who has used same for the transportation of intoxicating liquor in violation of the law, without proof that the owner thereof had knowledge that the same was being used for that purpose. And the further question arises as to whether or not under such circumstances the owner of the automobile can constitutionally be denied the right to give a forthcoming bond for the automobile pending the outcome of the trial on a petition in the name of the State to condemn the same in the circuit court, and then, perhaps, on until after the case has been decided by the Supreme Court, where the statute providing for the seizure and sale of

such an automobile for condemnation and sale expressly provides that the suit shall be conducted "as in proceedings for the enforcement of purchase price liens against property."

Section 349, Code of 1942, dealing with proceedings to enforce the statutory liens, provided for under Chapter 5, Code of 1942, of which Section 337, Code of 1942, declaring purchase money liens on personal property is a part, provides, "The defendant, or any person interested may give bond with sufficient sureties, to replevy the property seized as provided in the action of replevin * * *" In the instant case the defendant, J. H. Stringer, as hereinbefore stated, did not file an affidavit in replevin, but merely gave a $5,000 replevin bond, being double the value of the automobile in question, which had been duly approved by the sheriff. But Section 2869, Code of 1942, provides that "The action of replevin shall not be maintainable in any case of the seizure of property under execution or attachment when a remedy is given to claim the property by making a claim to it in some mode prescribed by law * * *"

Therefore the further question arises as to whether or not the answer of the defendant, J. H. Stringer, the oath to which had been waived in the petition of the State, and which answer set forth the ownership of the automobile and exhibited thereto a copy of the conditional sales contract whereby he purchased the same, was a sufficient claim on his behalf to entitle him to give a forthcoming bond for the automobile pursuant to the execution of the writ of summons and seizure, and as to whether or not such answer was sufficient to require the State to prove that the automobile was being operated for an unlawful purpose with his knowledge and consent; and especially where a claimant's affidavit had been filed by the Universal C. I. T. Credit Corporation setting forth that "on or before the 17th day of February 1955, the defendant, J. H. Stringer, purchased of and from the Alexander Motor

Company, Bay Springs, Mississippi, the following described personal property (describing the automobile in question)'', and which claim of the said Credit Corporation was confessed by the State prior to the giving of a peremptory instruction to the jury against the defendant, J. H. Stringer, in the condemnation proceeding, and where there had been introduced no testimony or other documentary evidence that this prima facie owner of the automobile had any knowledge that the same was being used for an unlawful purpose.

Finally the cause proceeded to trial in the circuit court and the proof on behalf of the State disclosed the prior execution of a valid search warrant based upon a proper affidavit for the search of the automobile which on May 20, 1955, was in the possession of the defendant Tilson (Bud) Stringer, that he was arrested on the charge of unlawfully transporting intoxicating liquors in the said automobile; that the defendant Tilson (Bud) Stringer had been seen from time to time over a period of three or four months using the said automobile; and he filed no pleadings in the cause and a judgment by default was taken against him, declaring a forfeiture of all right, title and interest that he may have had in the said automobile.

The defendant J. H. Stringer in his answer to the petition of the police officers denied that he had any knowledge that the automobile was being used for the unlawful purpose of handling, storing, concealing and transporting intoxicating liquor. His answer alleged that he was the sole owner of the vehicle described in the petition, subject to the terms of a conditional sales contract which he had executed in favor of Universal C. I. T. Credit Corporation, as aforesaid, and filed as an exhibit to his answer a copy of the conditional sales contract, purporting to have been signed by him, and whereby he is shown to have been the purchaser of the automobile in question. He further alleged that he had loaned the

automobile to the said Tilson (Bud) Stringer for a lawful purpose, and that he, J. H. Stringer, did not knowingly or negligently permit it to be used to violate the liquor laws of this State.

The Universal C. I. T. Credit Corporation filed a claimant's affidavit in the cause wherein it was alleged that on or about the 17th day of February 1955 the defendant J. H. Stringer purchased the said automobile from the Alexander Motor Company under a conditional sales contract entered into by the defendant J. H. Stringer, and which had been assigned to the said claimant, a copy of which conditional sales contract had also been made an exhibit to the claimant's affidavit.

On November 18, 1955, the cause came on for hearing on the petition of the State, answer of J. H. Stringer and the claimant's affidavit filed by the Universal C. I. T. Credit Corporation, and according to an order rendered therein by the circuit court on November 18, 1955, the State announced in open court that it confessed the lien of the said Credit Corporation in the amount of $2,401.52, and an order to that effect was entered on November 18, 1955, reciting that the State had consented to the release of the automobile on bond to the defendant J. H. Stringer, and that the said J. H. Stringer had posted a valid bond. It was then ordered that the order theretofore entered directing the sheriff to retain said automobile in his custody be revoked and set aside, effective as of the date of the filing of the said bond on September 16, 1955.

The court granted a peremptory instruction against the defendant J. H. Stringer on the trial after having entered an order reciting that ''the State has consented to the release of the subject automobile on bond to the defendant J. H. Stringer''. No proof was offered to show that the defendant J. H. Stringer had knowledge of the fact that Tilson (Bud) Stringer was using the said automobile for the purpose of transporting intoxicat-

ing liquors in violation of the law. The State merely proved that he had been seen driving the car from time to time over a period of three or four months. This was a circumstance for the consideration of the jury, but was not sufficient, as a matter of law to show that J. H. Stringer knew that he was using the automobile for an unlawful purpose.

A judgment was entered on November 25, 1955, pursuant to the peremptory instruction granted for the State, against J. H. Stringer, describing the automobile and fixing its value at $2,500, and further ordering and adjudging ''that all right, title and interest of the defendant, J. H. Stringer, in and to the said described automobile be, and the same is hereby forfeited to the State of Mississippi and condemned to be sold according to law, and judgment is hereby rendered in favor of the State of Mississippi against the defendant, J. H. Stringer and his bondsmen, (naming, them) for the described automobile or the sum of $2,500 cash for all of which let execution issue.''

Although it was held in the case of Union Motor Car Company v. Farmer, 151 Miss. 734, 118 So. 425, that replevin does not lie for property in *custodia legis,* it cannot be said that the claim of the defendant, J. H. Stringer, constituted the commencement of an action of replevin. An affidavit in replevin is the foundation of such action, and it is a part of the record in such a suit. As heretofore stated no affidavit in replevin was filed, and without regard to the fact that the $5,000 bond which was given to and approved by the sheriff is styled ''Replevin Bond'', it nevertheless constituted a forthcoming bond for the automobile in question to abide the final judgment of the court.

The State introduced in evidence an invoice showing that on the date following the purchase of the automobile by the defendant J. H. Stringer from the Alexander Motor Company, Bay Springs, Mississippi, he was billed

for the insurance premium by the Mike Ginsberg Insurance Agency at Hattiesburg, Mississippi, and this fact coupled with the confession of the State of the claimant's affidavit filed by the Universal C. I. T. Credit Corporation, in which it was averred that the automobile was purchased from the Alexander Motor Company on February 17, 1955, by the defendant J. H. Stringer, and to which claimant's affidavit a copy of the conditional sales contract showing these facts was made an exhibit, was sufficient to show prima facie that the defendant J. H. Stringer was the owner of the automobile involved in this proceeding. No proof whatsoever was offered to show the contrary, or to show that J. H. Stringer had any knowledge that the automobile was being used by the other defendant, Tilson (Bud) Stringer, for an unlawful purpose.

We are, therefore, of the opinion that in interposing his claim for the automobile in the proceeding by the State to condemn and sell the same he was entitled to give a forthcoming bond therefor, pending the decision of the circuit court and the final disposition of the case on appeal; that the due process of law provided for under Section 14 of our State Constitution and under Section 1 of the Fourteenth Amendment to the Constitution of the United States entitled him to regain possession of his automobile pending a hearing as to his ownership thereof, and as to whether or not he had knowingly permitted it to be used for an unlawful purpose in violation of the highly penal statutes providing for its seizure and confiscation, Sections 2618 and 2619, Code of 1942.

All instructions requested by the defendant were refused and we are of the opinion that the first five of them were correct and that they should have been given, if the proof had been sufficient to present an issue for the jury as to J. H. Stringer. However, the seventh instruction was a peremptory instruction re-

quested by the said defendant, and the same was improperly refused. Lowery v. State, 219 Miss. 547, 69 So. 2d 213.

From the foregoing views, it follows that we are of the opinion that the trial court was in error on June 15, 1955, in overruling the motion of the defendant J. H. Stringer to release the automobile unto him under the $5,000 forthcoming bond given on June 4, 1955, but this error was taken care of by the trial court on November 18, 1955, when the State consented to the release of the automobile on the bond of the defendant J. H. Stringer. Whether or not the said defendant is entitled to any relief in regard to the withholding of his automobile from him by the sheriff from June 4, 1955, until the date of its release under the forthcoming bond of September 16, 1955, is not before us and hence we express no opinion in regard thereto. The record discloses that in the meantime the sheriff was acting under the order of the circuit court, and the judge of that court was acting judicially in the premises in determining whether or not the defendant was entitled to have the automobile released unto him under the forthcoming bond of June 4, 1955. We confine this decision on the merits to the question of whether or not the trial court was in error in granting a peremptory instruction against the defendant J. H. Stringer, instead of granting the peremptory instruction in his favor as requested, and ordering the automobile to be condemned and sold, that is to say, whether or not under all of the facts and circumstances hereinbefore related there was an issue for the jury as to whether or not the said defendant knowingly permitted his automobile to be used for the purpose of transporting intoxicating liquors in violation of the law, taking into consideration the fact that the defendant Tilson (Bud) Stringer had been using the automobile prior to the time when it was seized and searched while he was the driver thereof. In view of the conclusion hereinbefore

stated, it is unnecessary that we consider the other alleged errors assigned.

Reversed and judgment here for appellant.

*Hall, Lee, Holmes* and *Arrington, JJ.,* concur.