GILLESPIE, Presiding Justice:
On November 12, 1964, the State Tax Commission issued to appellant, Paul Price, a permit for transporting 500 cases of beer from Yazoo County to Lee County. The certificate of applicant showed the consignee as Service Beverage Company, Holly Springs, Mississippi, and the driver of the vehicle as Billy Neaves. The route shown on the certificate of applicant was “Highway 49T07 to8 to45 to4.” As Billy Neaves was driving the truck loaded with the 500 cases of beer through Prentiss County on Highway No. 4 going west, a deputy sheriff stopped Neaves because the truck was equipped with an improper tag. The deputy asked Neaves what he had on the truck, and Neaves told him that he had 500 cases of beer. Neaves was placed under arrest and charged with possession of beer, Pren-tiss County being a dry county. Neaves was convicted in the justice of the peace court, and thereafter appealed to the circuit court.
While Neaves’ case was on appeal to the circuit court, appellant, Paul Price, made an affidavit in replevin charging that Gerald Green, who is the Sheriff of Prentiss *461 County, was wrongfully detaining the said 500 cases of beer. Appellant tendered with the affidavit a $6,000 replevin bond, being twice the alleged value of the beer. Appellant then filed in the Circuit Court of Prentiss County a declaration in replevin in which he set out in some detail his claim to the beer. The writ of replevin was not executed, but the sheriff made a motion to quash the writ of replevin, and the State made a motion to dismiss the bill of complaint. The district attorney was allowed to intervene over the objection of appellant. The deputy sheriff and the justice of the peace testified concerning the charge against Billy Neaves for possession of beer. Neaves was fined $500, and appealed to the circuit court. In response to the motions of the sheriff, the State and the district attorney, the proceeding was dismissed.
Appellant contends that the circuit court erred in dismissing these proceedings without a hearing on the merits. Mississippi Code Annotated section 10225 (1952) provides as follows:
No county nor any officer or agent thereof, nor any other officer, agent, or person, shall interfere with or impede the passage through such county of any light wine or beer moving in accordance with the provisions of this Act and in transit to or from any county of this State wherein the traffic in light wines and beer is not prohibited; any county prohibition of such traffic to the contrary notwithstanding.
Mississippi Code Annotated section 10258 (Supp.1964) provides in part that any light wines and beer transported from point to point within this State in violation of the provisions of the Act are declared to be contraband goods, and may be seized by the ■sheriff or other officers. The statute then provides that the officer seizing light wines and beer shall immediately make complaint under oath before the proper justice of the peace, setting forth the facts connected with the seizure and giving the names of persons found in possession; and the justice of the peace shall summons all interested persons, as in proceedings for the enforcement of purchase price liens against the property. The person claiming said light wines or beer may file a claim therefor under oath setting forth in detail why the same should not be confiscated. If the value of the wines or beer seized is less than $200, the justice of the peace shall dispose of the matter, if more than $200, the justice of the peace shall make the case returnable to the circuit or county court. The issue shall be joined between the State of Mississippi and the claimant and the case tried as other cases.
 Replevin does not lie for property in custodia legis. Union Motor Car Co. v. Farmer, 151 Miss. 734, 118 So. 425 (1928). We are of the opinion that in as much as the sheriff did not comply with the provisions of Code section 10258, the claimant had the right to file a claim therefor and was entitled to a hearing on the merits. The form of complainant’s claim was not the basis of the dismissal. We are of the opinion and so hold that the declaration filed by the appellant was in sufficient detail to file claim for the beer under the provisions of Code section 10258, and if there were any deficiencies in the procedure, it could be corrected on proper objections thereto.
The permit for transportation of beer and light wines issued to appellant in this case appears to have discrepancies as to the address of the consignee and the county of destination. We do not intend to hold that the permit was valid or invalid, but we are of the opinion that appellant was entitled to a hearing on the merits to determine whether the beer involved in this case was being illegally transported. If it was, it should be declared contraband and dealt with as provided by statute. If it was being legally transported, it should be delivered to the owner.
In Stringer v. State, 229 Miss. 412, 91 So. 2d 263 (1956), a proceeding was had to seize an automobile allegedly used for the transportation of liquor, and the owner *462 made claim thereunder under Mississippi Code Annotated section 2619 (1956). The owner filed a replevin bond, and the Court held that this was a sufficient forthcoming bond and proceeded to dispose of the owner’s claim to the automobile, although the bond was designated as a replevin bond and his claim was not sworn to as required by statute. Code section 2619 is part of the general criminal code involving intoxicating liquors, while Code section 10258 involved in the present case makes substantially the same provision concerning the owner’s claim to light wines and beer seized as contraband.
Reversed and remanded.
RODGERS, JONES, INZER and SMITH, JJ., concur.