ROY NOBLE LEE, Chief Justice,
for the Court:
On September 8, 1986, the Mississippi State Tax Commission (Commission) filed an action for forfeiture of a 1984 Black Mercury Marquis, the property of Bettye N. Waggoner (Waggoner), which was seized while being used for transporting intoxicating liquor in a “dry” Newton County, Mississippi. The Newton County Circuit Court, Honorable Edward A. Williamson, presiding, denied the Commission’s motion for summary judgment and granted Waggoner’s motion to dismiss on the ground that the seizure provisions of Miss.Code Ann. § 67-1-17, 1972, as applied to the facts was an unreasonable seizure, and ordered that the vehicle be released to Waggoner. The Commission has appealed to this Court and assigns three issues for consideration here.
FACTS
On August 11, 1986, John Butler, an enforcement agent with the Alcohol-Beverage Control division of the State Tax Commission, observed a liquor store employee in Meridian, Mississippi, loading a large quantity of intoxicating liquor into the trunk of a 1984 Black Mercury Marquis owned by Waggoner. The automobile was registered with a Scott County license plate and Waggoner was a resident of Scott County, where possession and sale of intoxicating liquor was prohibited by law.
When the vehicle left the liquor store, Agent Butler followed it to Interstate 20, thence West on Interstate 20 into Newton County where possession and sale of intoxicating liquor is also prohibited by law, and which county adjoins Scott County on the west. At the point of the Hickory Exit in Newton County, with the assistance of the Sheriff’s Department of Newton County, which had been contacted by radio, Agent Butler and the officers from Newton County stopped the Waggoner automobile.
Although the officers had probable cause to search the automobile, Waggoner granted them permission for the search and the trunk of the vehicle was opened. The officers confiscated nine sacks of intoxicating liquor, each containing twenty-four (24) half-pint bottles for a total of 216 half-pints. There were 72 bottles of Seagram’s Gin and 144 bottles of Calvert Extra Whiskey, aggregating 11.47 gallons.
Waggoner was advised of her Miranda rights and she admitted and claimed the intoxicating liquor to be hers. She was charged with possession of intoxicating liquor in a “dry” county in violation of Miss. Code Ann. § 97-31-27 (1972) and, subsequently, on November 18, 1987, she was *709 found guilty as charged and was sentenced to ten (10) days in the Newton County Jail or a $500.00 fine. She appealed the conviction to this Court and on May 2, 1990, the case of Bettye Waggoner v. State, 560 So.2d 1022, was affirmed, per curiam.
On November 20, 1986, the lower court ordered the Commission, over its objection, to return the vehicle to Waggoner. The Commission filed a motion for summary judgment, which was heard by the circuit court on November 24, 1987, and the court ruled that there were no facts in dispute. On January 14, 1988, the lower court filed an opinion holding that the seizure of the vehicle was “unreasonable” and in violation of the Fourth Amendment and dismissed the Commission’s complaint.
LAW
I.
WHETHER THE LOWER COURT ERRONEOUSLY CONSIDERED AND DECIDED CONSTITUTIONAL ISSUES NOT PRESENTED OR ARGUED BY BETTYE WAGGONER.
II.
WHETHER THE SEIZURE OF BETTYE WAGGONER’S VEHICLE CONSTITUTED AN UNLAWFUL SEIZURE PURSUANT TO THE FOURTH AMENDMENT.
Pertinent parts of the written opinion of the lower court follow:
... this Court will narrow its decision to the question of the reasonableness of the state’s seizure of the automobile with the specific facts of this case under U.S. Const, amend. IV.
If the seizure had been based on the use of the automobile to possess with the intention to resale or to deliver for resale and the facts had substantiated that claim, the seizure would have been reasonable and Constitutionally sustained. The possession or transportation of the liquor for the purpose of resale, or the resale of liquor by unlicensed individuals is a criminal activity anywhere in the State of Mississippi. However, in this case, the liquor only became contraband after it passed into one of 82 subdivisions of the same governmental authority, State of Mississippi, which originally imported, sold and licensed the resale of and received taxes on the very same liquor in question. It is the opinion of this Court that the seizure of the automobile solely on the basis that it was used to possess liquor legally purchased in the State of Mississippi and its forfeiture to the State of Mississippi, it is an unreasonable seizure prohibited by U.S. Const, amend. TV and is unjust under the factual circumstances of this case.
The only constitutional issue raised by Waggoner was that the forfeiture statute denied her equal protection and due process rights guaranteed by the Fourteenth Amendment. She did not raise, plead or argue in the lower court that the seizure provisions of Miss.Code Ann. § 67-1-17,1972, as applied to the facts was an unreasonable seizure and violated the Fourth Amendment. That issue was raised by the circuit court on its own accord. In Estate of Miller v. Miller, 409 So.2d 715 (Miss.1982), the lower court, upon its own motion, held that Miss.Code Ann. § 91-1-15 (1972) was unconstitutional and the court said:
It is well-settled that the constitutionality of a statute will not be considered unless the point is specially pleaded. [State ex rel. Carr v. Cabana Terrace, Inc.] 247 Miss. [26] at 37, 153 So.2d [257] at 260 [(1963)].
See also Stewart v. City of Pascagoula, 206 So.2d 325 (Miss.1968); Comfort v. Landrum, 52 So.2d 658 (Miss.1951); Adams v. Board of Supervisors of Union County, 177 Miss. 403, 170 So. 684 (1936).
We are of the opinion that the constitutionality of the statute was not properly before the lower court and that the court erred in declaring the statute unconstitutional of its own volition.
Estate of Miller, 409 So.2d at 718; See also, Smith v. Fluor Corp., 514 So.2d 1227, 1232 (Miss.1987); Witt v. Mitchell, 437 So.2d 63, 66 (Miss.1983).
*710 Since this case must be reversed and remanded, we proceed to a discussion of the other issues raised by the appellant.
The State has the power to fully regulate the sale and possession of alcohol within its borders and to provide for local option in counties and municipalities Dantzler v. State, 542 So.2d 906 (Miss.1989); State v. Wood, 187 So.2d 820, 828 (Miss.1966). There is no constitutional objection to the forfeiture of property used in the commission of a criminal offense. U.S. v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279 (1926); 37 C.J.S., Forfeitures, § 4; 36 Am.Jur.2d, Forfeitures, § 16.
Miss.Code Ann. § 67-1-17 (Supp.1990 as amended in 1984) provides for forfeiture of personal property which is in violation of the prohibition law:

Unlawful possession of alcoholic beverages; seizure and sale.

(1) It shall be unlawful for any person to have or possess either alcoholic beverages or personal property intended for use in violating the provisions of this chapter, or regulations prescribed under this chapter, or Chapter 31 of Title 97, Mississippi Code of 1972. No property rights shall exist in any such personal property or alcoholic beverages. All such personal property and alcoholic beverages shall be considered contraband and shall be seized and forfeited to the state of Mississippi.
(2) The following are subject to forfeiture:
⅝ ⅝ Sfc sjs * #
(d) All conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt, possession or concealment, of property described in item (a) of this subsection which is in excess of six (6) gallons or of property described in item (b) of this subsection; ...
⅜ * ⅝ ⅜: # #
Newton county had elected to retain prohibition and the amount of intoxicating liquor possessed and transported by Waggoner was 5.47 gallons in excess of that stated in the statute.
The principle is elementary that the State has the power to declare vehicles used to transport illegal items (here intoxicating liquor) to be contraband and require their forfeiture. See, U.S. v. Dixon, 347 U.S. 381, 74 S.Ct. 566, 98 L.Ed. 785 (1954). The general rule as to the State’s power to seize personal property used to violate intoxicating liquor laws follows:
The state, acting properly in the exercise of its police power, may seize and destroy intoxicating liquors kept or transported in violation of its laws, and may declare the forfeiture of property used in violation of the liquor laws, but such seizure and forfeiture cannot be made by officers or agents of the state except under authority of a statute conferring such power.
45 Am.Jur.2d Intoxicating Liquors, § 486 p. 803-804; See, 37 C.J.S., Forfeitures, § 4; Sanders v. United States, 201 F.2d 158 (5th Cir.1953).
The lower court found that Waggoner had, in fact, violated Miss.Code Ann. § 67-1-17:
It is not contradicted and Mrs. Waggoner even testified in her criminal trial that she purchased the liquor and put it in her car. Therefore, she intended to possess liquor. The State of Mississippi intended the ultimate purchaser to possess the liquor legally purchased from the state licensed package store. She was in a county, at the time of her arrest, where possession was illegal. Therefore, she was found guilty of criminal possession of liquor in the criminal trial. She intended, according to her testimony, to take the liquor to Scott county where she lived (a dry county) through Newton County (a dry county). Therefore, she possessed personal property, the car, “intended for use in violating” the ABC laws. She used the car to possess liquor in a dry county.
We find it difficult to follow the reasoning of the lower court in submitting the criminal guilt for possession of intoxicating *711 liquor to the jury and permitting the conviction to stand (affirmed by this Court in Waggoner v. State) and, in the face of, and contrary to, Miss.Code Ann. § 67-1-17(1), (2)(d) rule that the vehicle used to conceal and transport the contraband could not be forfeited e.g., as a violation of Waggoner’s constitutional rights. We have been cited no authority for such position and have found none.
Dantzler v. State, 542 So.2d 906 (Miss.1989) involving similar facts to the case at bar on the criminal charge for possession of intoxicating alcohol (beer) is analogous. The conviction of Dantzler, who bought alcoholic beverages in “wet” Lamar County and transported and possessed same in “dry” Lamar County, was upheld. A forfeiture was not involved. Forfeiture applies when as in the present case, the statute is violated using a vehicle for concealing or transporting the liquor in excess of six gallons. The burden is upon the state to prove the forfeiture comes within the statute imposing liability by a preponderance of the evidence. Reed v. State ex rel. Mississippi Bureau of Narcotics, 460 So.2d 115, 118 (Miss.1984).
The Court’s comment in Dantzler, supra, applies to the forfeiture involved here as well as to the criminal violation in Dantzler and in Waggoner:
The importance and significance of this decision are enormous. If this Court agreed with the contention and argument of Dantzler and reversed the lower court, the effect would be to abolish prohibition and nullify local option law in Mississippi. Alcoholic beverages could be purchased wherever they are legal and carried into “dry” areas for consumption, even where a majority of the people have voted to maintain such areas “dry.” The Court would have thwarted the will and rights of the people by destroying their freedom of choice.
Dantzler, 542 So.2d at 912.
The judgment of the lower court must be reversed and rendered on the above issues.
III.
WHETHER THE LOWER COURT ERRED IN RETURNING THE VEHICLE TO BETTYE WAGGONER PENDING THE OUTCOME OF THE CASE FOR FORFEITURE.
On November 20, 1986, Waggoner filed a “Motion for Restoration of Property” petitioning the court to require the Commission to return the vehicle to her pending the outcome of the forfeiture and the criminal suit, both of which were pending. A hearing was held in which the Commission, relying upon Miss.Code Ann. § 67-1-17, opposed returning the car without a bond covering the estimated value of the car, which was $9,000.00. The lower court entered an order requiring the Commission to surrender the car to Waggoner, and provided that she return the automobile in substantially the same condition less normal wear and tear, on the anticipated day of trial on the criminal charges, December 4, 1986. The case was delayed and Waggoner was allowed to retain possession of the car. On October 28, 1987, the Commission filed a motion to amend its complaint stating that Waggoner had continued to use the vehicle since November 20, 1986 without being required to post any security to protect the state’s interest in the vehicle and that even if successful all or part of the forfeiture would have been lost because of depreciation of its value. On November 24, 1987, the lower court entered an order denying the Commission’s motion.
Miss.Code Ann. § 67-1-17(5) provides that any property, other than alcoholic beverages and raw materials, seized or detained pursuant to chapter 31 of Title 97, Mississippi Code of 1972, shall be deemed in the custody of the agency seizing the property and shall be subject only to orders and decrees of the court having jurisdiction over it; that the property may be retained as evidence until final disposition of the cause in which such property is involved; and that it shall be disposed of in accordance with the provisions of sections 67-1-93, 67-1-95 and 67-1-97. None of the mentioned statutes provide for the return *712 of the property prior to a hearing on the forfeiture proceeding.
Miss.Code Ann. § 99-27-13 provides in part that any person claiming property, subject to forfeiture, may enter his claim under oath stating in detail why said property should not be forfeited ...
But in all such trials and proceedings as provided for in this section the claimant may, before he shall file his claim, be required to execute a solvent bond in sufficient amount to cover all costs that may likely accrue, conditioned that he will pay all costs that may likely accrue, conditioned that he will pay all costs in the case that may be adjudged against him, and in the event the claimant fails to establish his claim, or any part of it to said articles, he my be taxed with all, or any part of the cost of the case, and judgment shall go against his sureties for all costs adjudged against him.
In Stringer v. State, 229 Miss. 412, 91 So.2d 263 (1956), this Court interpreted § 2619, Code of 1942, the forerunner of § 99-27-13, to allow the owner of a automobile seized for illegally transporting intoxicating liquor, who claimed no knowledge of any illegal activity, to post bond to regain possession of the vehicle prior to a hearing and while the cause was on appeal. The Court said:
We are, therefore, of the opinion that in interposing his claim for the automobile in the proceeding by the State to condemn and sell the same he was entitled to give a forthcoming bond therefor, pending the decision of the circuit court and the final disposition of the case on appeal; that the due process of law provided for under Section 14 of our State Constitution and under Section 1 of the Fourteenth Amendment to the Constitution of the United States entitled him to regain possession of his automobile pending a hearing as to his ownership thereof, and as to whether or not he had knowingly permitted it to be used for an unlawful purpose in violation of the highly penal statutes providing for its seizure and confiscation, Sections 2618 and 2619, Code of 1942.
Stringer, 91 So.2d at 268.
In the case at bar, Waggoner admitted that the intoxicating liquors being transported in her automobile belonged to her; that she was in the vehicle and was participating in the actual transportation of the contraband. Therefore, her activity was the opposite of Stringer and she does not come within its protection. The lower court erred in ordering the return of the vehicle to Waggoner and the judgment is reversed and remanded on the merits of the forfeiture.
REVERSED and RENDERED ON ISSUES I and II. REVERSED and REMANDED ON ISSUE III.
HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., concurs in result only.