ALEXANDER *v.* CARSLEY *et al.*

(In Banc. April 22, 1946.)

[25 So. (2d) 709. No. 36099.]

W. B. Nicols and S. C. Mims, both of Grenada, for appellant.

R. P. Sugg, of Eupora, for appellee, Joe H. Carsley.

Cowles Horton, of Grenada, for appellee, Fidelity & Deposit Company of Maryland.

**Alexander, J.,** delivered the opinion of the court.

Appellant filed suit for personal injuries inflicted by Carsley, who, as a member of the State Highway Patrol and in exercise of his authority and duties as such, committed an assault upon him. The surety on the official bond, the Fidelity & Deposit Company of Maryland, was made a joint defendant.

The record shows that if the one year statute of limitations for such action, Code 1942, Section 732, applies the trial judge was correct in sustaining this plea. The suit, however, is against the officer and the surety upon his official bond.

It is true that the declaration is inartificially drawn and although it purports to attach a copy of the bond as an exhibit, this was not done. Yet no objection was made upon the ground that the bond was not exhibited and the point may not be raised for the first time in this Court. Enochs-Flowers, Inc., v. Bank of Forest, 172 Miss. 36, 157 So. 711, 159 So. 407. No point seems to have been made as to the necessity for compliance with Code 1942, Section 4034, and we express no opinion thereon.

We are of the opinion that the action is against a public officer and the surety on his bond and that appellant is entitled to undertake to show that the conduct of the officer constituted a breach of his bond. Under the circumstances the pleas interposing the bar of one year as for assault and battery ought not to have been sustained.

The suit is upon the bond. State for Use of Smith v. Smith, 156 Miss. 288, 125 So. 825.

We are not here concerned with the probability that appellant's case may or should be perfected by amendment. His right thus to meet objection, seasonably made, is all that we need take into account here.

Reversed and remanded.