L. L. McGUIRE, Plaintiff-Appellant,

v.

John F. BAKER et al., Defendants-Appellees.

No. 27894

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1970.

---

8. See Clark v. American Marine Corp., 304 F.Supp. 603 (E.D.La., 1969).

fendants-appellees Commissioner of the General Land Office of Texas and others.

Curt Steib, Glenn W. Lewis, San Angelo, Tex., for defendants-appellees.

Robert W. Fuller, John E. Thomason, William T. Hall, Midland, Tex., for Gulf Oil Corp.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CARSWELL, Circuit Judges.

JOHN R. BROWN, Chief Judge.

This suit arises out of events beginning with the attempted purchase in 1961 by M. D. Bryant of possible vacancies in the vicinity of land claimed by plaintiff, L. L. McGuire, in the Big Bend country of West Texas. Pursuant to provisions of Texas law [1] a hearing was held and the vacancies were found to exist.

Following this hearing McGuire filed a suit in the United States District Court for the Western District of Texas, Austin Division in which he alleged that the vacancy proceeding was conducted and the vacancy declared pursuant to a fraudulent conspiracy participated in by the officials of the General Land Office of the State of Texas, Bryant, Gulf Oil Corporation and its employees. The suit was dismissed on June 19, 1963 and appeal was taken by McGuire.

This Court reversed the dismissal, McGuire v. Sadler, 5 Cir., 1964, 337 F.2d 902, and remanded the case for trial. The land had, however, been sold on June 24, 1963 to Bryant and leases for the production of oil and gas had been granted to Gulf Oil Corporation, who drilled two dry holes.

After the remand, the District Court in Austin on March 29, 1966 appointed a Special Master. Then, after a hearing that lasted six weeks, the Special Master reported that the survey upon which the declaration of a vacancy had been based was incorrect. His report was adopted and the vacancy proceeding was set aside

L. L. McGuire, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., W. V. Geppert, Staff Legal Asst. Atty. Gen., Houghton Brownlee, Jr., J. Milton Richardson, Asst. Attys. Gen., Austin, Tex., for de-

1. The procedure is set out in Vernon's Ann.Tex.Civ.St. Art. 5421c, § 6.

by a judgment of the District Court dated June 13, 1967. Thus that suit came to an end with McGuire having cleared his title to the land.

McGuire, however, had on April 24, 1967 filed the present action. In this action he seeks damages for the destruction of the speculative value of his property as a result of the dry holes drilled by Gulf, he seeks to recover the money paid by Gulf to Bryant [2] for the leases, and he seeks legal and surveying fees.[3] This relief is sought under 42 U.S.C.A. §§ 1983, 1985,[4] which give a remedy for state action that deprives persons of federal Constitutional and statutory rights. In addition, McGuire claims to have a direct remedy under the Constitution, specifically Article I, Section 10 [5] and the Fourteenth Amendment.

The defendants responded to this damage action by motions to dismiss on the pleadings and motions for summary judgment. After a hearing the District Court granted their motions for summary judgment. The Court concluded that McGuire's action for damages had been barred by limitations. Specifically, the District Court held that the claim arose on June 24, 1963 when the vacancies were sold to Bryant and that the Texas two year statute of limitations [6]

2. Bryant died during the course of this litigation and his estate and heirs are now defendants.

3. McGuire has acted as his own attorney throughout this litigation as well as doing his own surveying.

4. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."
42 U.S.C.A. § 1983

"(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."
42 U.S.C.A. § 1985

5. Article I., Section 10 provides:
"No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."
McGuire claims his right under the contract clause.

6. "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:
   1. Actions of trespass for injury done to the estate or the property of another.
   2. Actions for detaining the personal property of another, and for converting such property to one's own use.
   3. Actions for taking or carrying away the goods and chattels of another.
   4. Actions for debt where the indebtedness is not evidenced by a contract in writing.

was applicable.

■ We agree and affirm.[7]

■ It is well established that when, as here, Congress has provided no period of limitation for a federal claim, the federal courts must borrow the applicable statute of limitations from the state in which it sits. O'Sullivan v. Felix, 1914, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980; Beard v. Stephens, 5 Cir., 1967, 372 F.2d 685.[8] This borrowing is a two-step process. First, the essential nature of the federal claim must be determined. Secondly, the state law must be looked to in order to determine which state statute is applicable to claims like the one the Court has determined it is presented with. Beard v. Stephens, *supra*; Moviecolor Limited v. Eastman Kodak Co., 2 Cir., 1961, 288 F.2d 80, 90 A.L.R.2d 252, cert. denied, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26; Bertha Building Corp. v. National Theatres Corp., 2 Cir., 1959, 269 F.2d 785, cert. denied, 1960, 361 U.S. 960, 80 S.Ct. 585, 4 L.Ed. 2d 542.

■ Although McGuire argues that his action is essentially of an equitable nature to impose a constructive trust on the proceeds of the lease from Bryant to Gulf, it seems clear that it is really to recover damages under 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1985 or for trespass under the Humble Oil & Refining Co. v. Kishi, Tex.Com.App., 1927, 276 S.W. 190 theory.[9] In either case the Texas two-year statute of limitation applies. If it is considered to arise under 42 U.S.C.A. § 1983 or § 1985, it would come under § 4 of V.A.T.S. Art. 5526, (see note 6, *supra*), Jackson v. Duke, 5 Cir., 1958, 259 F.2d 3, since it is well established by Texas law that liability created by statute is an action for debt for limitation purposes. See e. g., Cowart v. Russell, 1940, 135 Tex. 562, 144 S.W.2d 249; Hamilton v. Board of Firemen's Relief and Retirement Fund Trustees, Tex.Civ.App., 1966, 408 S.W.2d 781, writ ref. n. r. e. And, if it is action for trespass, the statute is explicit (V.A.T.S. Art. 5526 § 1, see note 6, *supra*.) Moreover the plea for recovery of the money

---

5. Actions upon stated or open accounts, other than such mutual and current accounts as concern the trade of merchandise between merchant and merchant, their factors or agents. In all accounts, except those between merchant and merchant, as aforesaid, their factors and agents, the respective times or dates of the delivery of the several articles charged shall be particularly specified, and limitation shall run against each item from the date of such delivery, unless otherwise specially contracted. Acts 1841, p. 163; G.L. vol. 2, p. 627.

6. Action for injury done to the person of another.

7. Action for injury done to the person of another where death ensued from such injury; and the cause of action shall be considered as having accrued at the death of the party injured. Acts 1897, p. 12; Acts 1841, p. 163; Acts 1852, p. 128; P.D. 4604; G.L. vol. 10, p. 1066; G.L. vol. 2, p. 627; G.L. vol. 3, p. 1006.

8. Actions of forcible entry and forcible detainer."
V.A.T.S. Art. 5526.

7. Pursuant to Rule 18 of the rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Huth v. Southern Pac. Co., 5 Cir., 1969, 417 F.2d 326, Part I; Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

8. In *Beard*, this Court pointed out that this borrowing process had to be applied to cases brought under 42 U.S.C.A. § 1983 and § 1985 since neither "in the Civil Rights Acts * * * nor elsewhere in the federal statutes is there an applicable limitation provision." See also Knowles v. Carson, 5 Cir., 1969, 419 F.2d 369; Hileman v. Knable, 3 Cir., 1968, 391 F.2d 596; Swan v. Board of Higher Education, etc., 2 Cir., 1963, 319 F.2d 56; Mohler v. Miller, 6 Cir., 1956, 235 F.2d 153.

9. Even if it is assumed that McGuire can assert such a theory here because of the constitutional claim, the essentially trespass character of the claim is not changed. Cf. Foster v. City of Detroit, 6 Cir., 1968, 405 F.2d 138.

paid by Gulf to Bryant is just part of the total claim for damages under 42 U.S.C.A. §§ 1983 and 1985. And, if it is considered to have some quasi-common-law basis, it would still be one for debt or on an account and barred by the two-year statute of limitation. Ferguson v. Ferguson, Tex.Civ.App.—Austin, 1944, writ ref. w. m., 181 S.W.2d 601; Zaruba v. Boethel, Tex.Civ.App.—Corpus Christi, 1965, 393 S.W.2d 716; Clanton v. Community Finance & Thrift Corp., Tex.Civ.App.—Eastland, 1953, 262 S.W. 2d 252.

The District Court was also correct in its determination of when the statute of limitation began to run. The rule in Texas is that limitations run from the date of the commission of the wrong. Houston Waterworks Co. v. Kennedy, 1888, 70 Tex. 233, 8 S.W. 36. And here, under whatever characterization of the essential nature of the claim that may be used, the wrong occurred where McGuire lost possession through the sale of the supposed vacancies to Bryant and the leasing of the property to Gulf. This all occurred on June 24, 1963.

Although placing heavy reliance upon the fraudulent concealment exception to the general limitations rule, McGuire cannot shield himself with that doctrine since he knew of the activities of all the defendants at the time the claim arose. He was actually engaged in litigation over the title to the property during the entire time limitations were running.[10] McGuire also claims that he could not have known the extent of his damages in the summer of 1963 since the wells Gulf was drilling had not yet proved to be dry holes. He did, however, know of Gulf's activity and he knew injuries were being done. Under such circumstances it is clear that the running of the statute of limitation is not postponed. Burnham v. Todd, 5 Cir., 1944, 139 F.2d 338, 342.

Thus the District Court was correct in all aspects of its determination as to the applicability of the bar of limitations. McGuire has had many opportunities to right the wrong he claims was done him. But, he chose only to get his land back. The law regards it as a case in which he has slept on his claims for other relief.

Affirmed.

10. The piecemeal approach to this litigation taken by McGuire is illustrated by the following portion of the transcript of the hearing held in the present action:

"THE COURT: When did you get back into district court down there?
MR. McGUIRE: Then it came back in the fall of 1964. Your Honor.
THE COURT: Then why didn't you sue for damages then?
MR. McQUIRE: Well, Your Honor, I expected the case to be tried fairly soon, and since there were other parties that I thought were liable for the damages, I did not want to complicate the case and I didn't see any necessity for it.
THE COURT: You knew you could have brought them in and made them parties to that suit and you could have asked for damages if you had wanted to?
MR. McGUIRE: Well, I hadn't—I could have asked but I just didn't feel—
THE COURT:—You didn't think it was the judicious thing to do?
MR. McGUIRE: Well, how would I know that the Court would hold with me? In fact, there was a good chance that this case—that I would have lost the case down there and I didn't feel that the—the case was all very, very complicated and I didn't want to make it any worse at that time until I knew that the court would hold with me. I did not know that the court would decide that the patents to Mr. Bryant should be cancelled."