Phillip C. SHAW, Plaintiff-Appellant,

v.

Marvin McCORKLE et al.,
Defendants-Appellees.

No. 76–1432
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

M. Charles May, John L. Maxey, II, Jackson, Miss., for plaintiff-appellant.

Charles A. Marx, Asst. Atty. Gen., A. F. Summer, Atty. Gen., Jackson, Miss., Leonard B. Melvin, Jr., Laurel, Miss., for defendants-appellees.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

The District Court dismissed plaintiff Shaw's 42 U.S.C.A. § 1983 action against four Mississippi highway patrolmen and their surety, holding that the suit was barred by the Mississippi one-year statute of limitations for intentional torts. Plaintiff appeals from that dismissal, contending that the District Court should have applied the Mississippi six-year catch-all statute of limitations, under which plaintiff's suit would not have been barred. We agree with plaintiff, and we therefore reverse and remand.

### The Scuffle

Plaintiff-appellant brought this civil rights action to recover damages for injuries which he allegedly received at the hands of four Mississippi highway patrolmen. According to the complaint, plaintiff was stopped on January 13, 1974, on an interstate highway in Laurel, Mississippi by one of the defendant highway patrolmen. After he was stopped he was not arrested but was threatened and shoved by the patrolman. When plaintiff attempted to drive away to get help, the patrolman chased him and shot at him. The three other defendant highway patrolmen then joined in the chase, and when plaintiff was finally caught the defendants beat and abused him.

Plaintiff was charged with the misdemeanors of reckless driving, resisting arrest, assault on an officer and refusal to take a sobriety test. After conviction of these offenses in Justice of the Peace Court, plaintiff appealed and was acquitted of the reckless driving charge by a jury verdict. The three remaining charges against him were passed to the files.

Plaintiff then filed his complaint against the patrolmen under 42 U.S.C.A. § 1983 and § 1985 in the District Court on November 3, 1975, seeking a total of $100,000 in actual

and punitive damages. Plaintiff thereafter amended the complaint to plead that the constitutional deprivations which he suffered at the hands of the patrolmen also constituted a breach of the performance bond indemnifying the faithful performance of the official duties of the defendant highway patrolmen, and plaintiff moved to add the bonding company, Pacific Indemnity Company, as a party defendant. The District Court permitted the addition of Pacific Indemnity as a party defendant but in the same order dismissed the complaint as barred by the applicable Mississippi statute of limitations. It is from this dismissal that plaintiff appeals.

### Mississippi Statutes Of Limitation

■ The complaint was not filed until 22 months after plaintiff was allegedly abused by the patrolmen. It is well established that federal courts must look to the applicable state statute of limitations if Congress has not—as it has not for § 1983 and § 1985 actions—provided a federal statutory limitation period. 42 U.S.C.A. § 1988; *O'Sullivan v. Felix,* 1914, 233 U.S. 318, 34 S.Ct.

1. Miss.Code Ann.
   § 15–1–35. *Limitations applicable to actions for certain torts.*
   All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, and for libels, shall be commenced within one year next after the cause of such action accrued, and not after.

2. Miss.Code Ann.
   § 15–1–49. *Limitations applicable to actions not otherwise specifically provided for.*
   All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.

3. In *Franklin v. City of Marks,* 5 Cir., 1971, 439 F.2d 665, for example, we were faced with a state statute of limitations so short that it impinged on the policies underlying § 1983. After emphasizing those policies, we forcefully proclaimed our refusal to be bound by such a state statute, despite mechanical federal choice of law rules to the contrary:
   When Congress creates a right without a limitation it is sometimes useful to resort to the fiction that the congressional silence

596, 58 L.Ed. 980. This case turns on the determination of which Mississippi statute of limitations should be applied to plaintiff's action.

Mississippi requires that actions for intentional torts be brought within one year.[1] Defendants argue—and the District Court so held—that this is the applicable limitation period and that plaintiff's action was therefore filed ten months too late. Plaintiff, on the other hand, contends that his particular action would not sound in intentional tort but would rather be an action against the patrolmen and their surety for breach of the performance bond, a contract, and should be governed by Mississippi's catch-all limitation period (which includes actions on a written contract) of six years.[2]

### One Step—Two Step

■ Since § 1983 is a federally-created right of action, we must ultimately ground our choice of which state statute of limitations should apply on the basis of which statute will best effectuate[3] the Congressional policies underlying § 1983.[4] *See Brazier v. Cherry,* 5 Cir., 1961, 293 F.2d 401.

means that Congress expects the state rule to be applied. But it is unthinkable to use this fiction to impute to the ardent civil rights advocates in Congress a hundred years ago any intention to limit the Civil Rights Act of 1871 to a ten-day statute of limitation. *Id.,* at 669. *See also Moviecolor Limited v. Eastman Kodak Co.,* 2 Cir., 1961, 288 F.2d 80, 83; *Comment, Choice of Law Under Section 1983,* 37 U.Chi.L.Rev. 494, 504, n.51 (1970).

4. The Supreme Court, after carefully considering the legislative history behind § 1983, has interpreted that statute as having four major policies. First, "it might, of course, override certain kinds of state laws," to wit, "any invidious legislation by States against the rights or privileges of citizens of the United States." *Monroe v. Pape,* 1960, 365 U.S. 167, 173, 81 S.Ct. 473, 477, 5 L.Ed.2d 492, 498. Second, "it provided a remedy where state law was inadequate." *Id.* Third, it provided "a federal remedy where the state remedy, though adequate in theory, was not available in practice." *Id.,* at 174, 81 S.Ct. at 477. Finally, it provided "a remedy in the federal courts supplementary to any remedy any State might have." *McNeese v. Board of Education,* 1962, 373 U.S. 668, 672, 83 S.Ct. 1433, 1435, 10 L.Ed.2d 622, 625.

In describing the method used to find the most analogous cause of action, the cases speak with two voices, but these voices are not discordant. One line of cases advises that this selection is a two-step process. The first step is the determination based on *federal law* of the "essential nature" of the federal claim. The second step is the determination according to *state law* of which state limitation period would be applicable to claims like the one the Court has determined it is presented with. *Bell v. Aerodex, Inc.*, 5 Cir., 1973, 473 F.2d 869, 871; *Franklin v. City of Marks*, 5 Cir., 1971, 439 F.2d 665, 669–70; *McGuire v. Baker*, 5 Cir., 1970, 421 F.2d 895, 898; *Moviecolor Limited v. Eastman Kodak Co.*, 2 Cir., 1961, 288 F.2d 80, 83.

A second line of cases formulates a more direct method of selection, asking simply which state limitation period the state itself would have enforced had plaintiff brought an action seeking similar relief in a court of that state. *Franks v. Bowman Transportation Co.*, 5 Cir., 1974, 495 F.2d 398, 405, *rev'd in part on other grounds*, 1976, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444; *Knowles v. Carson*, 5 Cir., 1969, 419 F.2d 369; *Peterson v. Fink*, 8 Cir., 1975, 515 F.2d 815, 816; *Warren v. Norman Realty Co.*, 8 Cir., 1975, 513 F.2d 730, 733–34.

The difference between these two methods for determining the applicable state limitation period seems to be that the "two-step" procedure requires the application of *federal law* in categorizing the action, while the simpler "one-step" method asks instead how a state court applying *state law* would categorize the same or a similar action for relief. However, the leading case on the subject in this Circuit, *Beard v. Stephens*, 5 Cir., 1967, 372 F.2d 685, speaks of the two methods as if they were perfectly compatible, the two-step method being an implementation of the simpler one-step approach.[5] Strangely enough, both two-step and one-step cases rely on *Beard* to support their respective approaches, with apparently no articulated concern for justifying the particular approach chosen or for commenting upon the approach not taken.[6]

Furthermore, the distinction between the two methods of selecting the appropriate state limitation period fades in practice, since even the cases using the two-step approach (in which the essential nature of the claim is said to depend on federal law) in fact draw heavily on *state law* in categorizing the claim presented. For example, in *McGuire v. Baker, supra*, the Court determined that the essential nature of a claim under § 1983 and § 1985 presented in the Northern District of Texas was either an action for debt, since Texas law—citing two Texas cases—so treats any liability created by statute, or for trespass under the theory of a leading Texas case (both actions had

---

**5.** Congress has created many federal rights without prescribing a period for enforcement. In such cases the federal courts borrow the limitations period prescribed by the state where the court sits. The applicable period of limitations is that which the state itself would enforce had an action seeking similar relief been brought in a court of that state. *O'Sullivan v. Felix*, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); *Jackson v. Duke*, 259 F.2d 3 (5th Cir., 1958); *Swan v. Board of Higher Education*, 319 F.2d 56 (2d Cir., 1963); *Moviecolor Limited v. Eastman Kodak Company*, 288 F.2d 80, 90 A.L.R.2d 252 (2d Cir.), cert. denied, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961); Annot., 98 A.L.R.2d 1160 (1964); Annot., 90 A.L.R.2d 265 (1963).

We must look at both federal and state law to determine whether the borrowed period has run. We look first to federal law to determine the nature of the claim and then to state court interpretations of the state's "statutory catalogue" to see where the claim fits into the state scheme. *Moviecolor Limited v. Eastman Kodak Company, supra*. The problem is a two-step one—first, what under federal law is the "essential nature" of the claim, and second, what statute of limitations would the state courts hold applicable to this type or class of claim. *Bertha Building Corp. v. National Theatres Corp.*, 269 F.2d 785 (2d Cir., 1959), cert. denied, 361 U.S. 960, 80 S.Ct. 585, 4 L.Ed.2d 542 (1960).

*Beard v. Stephens, supra*, at 688. Accord, *Equal Employment Opportunity Comm'n v. Griffin Wheel Co.*, 5 Cir., 1975, 511 F.2d 456, 459; *Blair v. Page Aircraft Maintenance, Inc.*, 5 Cir., 1972, 467 F.2d 815, 818.

**6.** *See, e. g., McGuire v. Baker, supra*, at 898 (two-step); *Franks v. Bowman Transportation Co., supra*, at 405 (one-step).

the same statutory limit). *Id.* at 898–99. And the Court in *Beard v. Stephens, supra,* applying the first step of a two-step approach, determined that an action under § 1983 and § 1985 brought in the Northern District of Alabama for a wrongful wounding by a sheriff's deputy during an arrest constituted a cause of action in trespass under Alabama case law, that the conspiracy claim was an action in trespass as to some defendants and an action on the case as to others—based on general common law and Alabama case law, and that a separate claim against the sheriff charging negligence sounded in case only, again relying on an Alabama case. *Id.* at 689–90.

Thus, both lines of cases concerning the method of selecting the applicable state statute of limitations in fact depend substantially on state law in categorizing the essential nature of the claim presented, and the apparently discordant voices of the two-step and one-step approaches are in essence harmonious.

### The Next Step

■ Having examined our method of analysis, we are prepared to ferret out the Mississippi statute of limitations which would be applied had this or a similar action against these defendants been brought in state court. That is, how would a Mississippi court categorize this action or an action seeking similar relief, and which state stat-utory limitation period would apply to the action so categorized.

In *State for Use of Smith v. Smith,* 1930, 156 Miss. 288, 125 So. 825, plaintiff sought damages against a deputy sheriff and his surety in a suit on the deputy's official bond for injuries sustained from being shot by the deputy during an arrest. The trial court dismissed the suit because it had been filed after the one-year statute of limitations for intentional torts had run. The Mississippi Supreme Court reversed on two grounds. First, when committed by a public official, such an act is not the breach of a duty which every person owes to every other person and thus is not an intentional tort. Rather, the action is for breach of the deputy sheriff's official duties.[7] Second, since the bond represents a contract between the officer, his surety, and the obligees by which the officer agrees faithfully to discharge the duties of his office, an action for damages on the bond is a contract action, not governed by the one-year intentional tort statute of limitations but by the general six-year limitation period applicable to written contracts.[8]

In a later case almost identical with the present case, differing only in that it was not brought under § 1983 and was in state rather than federal court, the Mississippi Supreme Court in *Alexander v. Carsley,* 1946, 199 Miss. 881, 25 So.2d 709, relied on *Smith* in holding that the action was a suit on the bond and not subject to the one-year

---

7. It will be observed that the causes of action set forth in the statute [of limitations for intentional torts] result from breaches of duties which all persons owe to every other person, and do not cover the breach of a duty specially imposed by law on one for the benefit of another. Under section 4664, Code 1906 (Hemingway's 1927 Code, § 3286), a sheriff is liable on his official bond for the official misconduct of his deputies; and one of the duties imposed by law on a sheriff and his deputies is to exercise due care while making arrests, and not to unnecessarily injure persons arrested. The declaration sets forth not a mere assault and battery, or maiming, but a breach of the sheriff's official duty, the assault and battery, or maiming, being the particular breach thereof; and the cause of action is this breach of the deputy sheriff's official duties. The statute, therefore, does not apply.
   125 So. at 826.

8. There is another reason why the statute does not here apply, which is that the official bond of a public officer is a contract which the law requires him to execute, by which he and his sureties covenant and agree that he will faithfully discharge all of the duties of his office, which contract is breached by the failure of the officer to discharge any of his official duties. *Lewis v. State,* 65 Miss. 468, 4 So. 429. It follows, therefore, that, in the absence of a statute to the contrary, the limitation within which an action must be brought on an official bond is that provided by statute for actions on written contracts. 37 C.J. 782.
   125 So. at 826.

statute of limitations for intentional torts, even though the act giving rise to the breach was itself an assault.[9] In addition, *Alexander* clearly implies that the action is in contract as to both the patrolman and his surety.[10]

■ In his federal civil rights action plaintiff Shaw seeks damages totalling $100,000 against four highway patrolmen and the surety on their official performance bond. Had plaintiff brought an action seeking similar relief—similar damages, similar defendants—in a Mississippi court, that suit would have had to be an action against a public officer and the surety on his bond.[11] In Mississippi such an action is in contract and is governed by the six-year statutory limitation period for written contracts. Miss.Code Ann. § 15–1–49, *supra* note 2; *Alexander v. Carsley, supra* ; *State for Use of Smith v. Smith, supra.* We are bound to apply this same six-year limitation period to plaintiff's civil rights action in federal court.[12]

## The Trial Court's Misstep

The District Court, in dismissing the complaint as barred by Mississippi's one-year

---

**9.** The Mississippi Supreme Court's opinion in *Alexander* reads in its entirety:

> Appellant filed suit for personal injuries inflicted by Carsley, who, as a member of the State Highway Patrol and in exercise of his authority and duties as such, committed an assault upon him. The surety on the official bond, the Fidelity & Deposit Company of Maryland, was made a joint defendant.
>
> The record shows that if the one year statute of limitations for such action, Code 1942, Section 732, applies the trial judge was correct in sustaining this plea. The suit, however, is against the officer and the surety upon his official bond.
>
> [1] It is true that the declaration is inartificially drawn and although it purports to attach a copy of the bond as an exhibit, this was not done. Yet no objection was made upon the ground that the bond was not exhibited and the point may not be raised for the first time in this Court. *Enochs-Flowers, Inc. v. Bank of Forest*, 172 Miss. 36, 157 So. 711, 159 So. 407. No point seems to have been made as to the necessity for compliance with Code 1942, Section 4034, and we express no opinion thereon.
>
> [2] We are of the opinion that the action is against a public officer and the surety on his bond and that appellant is entitled to undertake to show that the conduct of the officer constituted a breach of his bond. Under the circumstances the pleas interposing the bar of one year as for assault and battery ought not to have been sustained. The suit is upon the bond. *State for Use of Smith v. Smith*, 156 Miss. 288, 125 So. 825.
>
> We are not here concerned with the probability that appellant's case may or should be perfected by amendment. His right thus to meet objection, seasonably made, is all that we need take into account here.
>
> Reversed and remanded.

**10.** The Mississippi Supreme Court has specifically relied on *State for Use of Smith v. Smith, supra*, in two other cases, indicating that Smith enjoys continued vitality. In *Barnett v. National Surety Corp.*, 1943, 195 Miss. 528, 15 So.2d 775, plaintiff, a resident of Mississippi, sued an Alabama sheriff's surety, which did business in Mississippi, to recover damages for a tort committed by the sheriff in Alabama. Though the statute of limitations was not in issue, the Mississippi Supreme Court pointed out that the basis of the suit was contract, not tort, because the suit was for breach of the performance bond, notwithstanding that the breach essentially constituted a tort. Most recently, in *Sears, Roebuck & Co. v. Ingram*, Miss., 1968, 206 So.2d 204, 206, the Mississippi Supreme Court cited *Smith* and commented that in *Smith* suit was against the official bond of the sheriff and was governed by the limitation of actions on written contracts. *Alexander v. Carsley, supra*, was also cited for the same proposition.

**11.** Since this case was brought against officers and the surety we do not find it necessary to decide the matter, but if plaintiff had brought an action in Mississippi court based on an intentional tort against only the highway patrolmen and not their surety, the first prong of the Mississippi Supreme Court's opinion in *Smith* indicates that such an action would not actually have been for an intentional tort but rather for breach of the patrolmen's official duties, the intentional tort being only the particular breach thereof. *State for Use of Smith v. Smith, supra*, at 826; *see* note 7, *supra*. Thus, it appears that the one-year statute of limitations for intentional torts, Miss.Code Ann. § 15–1–35, might still not be applicable, even if the surety were not made a party defendant, and the general six-year limitation period might still apply.

**12.** We note in passing that our choice of the Mississippi six-year statute of limitations does not offend the Congressional policies underlying § 1983. *See* note 4, *supra. But compare Franklin v. City of Marks*, note 3, *supra*.

limitation for intentional torts, reasoned that in spite of the two Mississippi cases to the contrary, the action was essentially in tort rather than contract and that the Mississippi Supreme Court would so hold if given "the opportunity to review its holdings in *Smith* and *Alexander* with a full appreciation of the consequences and implications of those rulings." [13] To buttress its holding, the District Court characterized the second ground in *Smith, see* note 8, *supra,* as dictum and ventured that this passage may have "misled" the Mississippi Supreme Court in *Alexander.* Finally, the District Court thought it would be anomalous to create a situation where a suit for an intentional tort against a bonded public officer would be subject to the one-year limitation period on intentional torts,[14] whereas an action against the officer and his surety or against the surety alone (which would be likely to seek indemnity from the bonded officer) would actually or effectively subject the bonded public officer to a six-year limitation period.

■ The District Court, however, is not free to second-guess the Mississippi Supreme Court contrary to its straightforward previous decisions just because the District Court disagrees with that Court's reasoning or with the wisdom of its conclusion. *Delta Airlines, Inc. v. McDonald Douglas Corp.,* 5 Cir., 1974, 503 F.2d 239; *Steel v. G. D. Searle & Co.,* 5 Cir., 1973, 483 F.2d 339. As in *Delta,* the District Court below has not cited a single subsequent Mississippi case modifying, distinguishing or criticizing the Mississippi cases on which plaintiff relies, and we have found none. The holding in *Smith* that an action against an officer and his surety on the officer's performance bond is in contract rather than in tort is not dictum but is rather an independent alternative ground of decision, *see* note 8, *supra,* and the Mississippi Supreme Court cited *Smith* for this very proposition as recently as 1968. *See* note 10, *supra.* That the Mississippi Supreme Court was somehow "misled" in *Alexander* by this reasoning in *Smith* is mere speculation on the part of the District Court. The resulting pattern of statutory limitations in suits against bonded public officers, which the District Court characterized as anomolous, is not skewed by federal civil rights actions and was clearly foreseeable by the Mississippi Supreme Court when deciding *Smith* and *Alexander.*[15] It would be pure conjecture to conclude that the Mississippi Supreme Court would undertake to reform this pattern if now given the opportunity.

REVERSED and REMANDED.

---

**13.** The District Court reached the same conclusion in an earlier case which was not appealed. *Ballard v. Taylor,* N.D.Miss., 1973, 358 F.Supp. 409. *See Boydstun v. Perry,* N.D.Miss., 1973, 359 F.Supp. 48, 51.

**14.** *But see* note 11, *supra.*

**15.** Since the Mississippi rule (*see* notes 7 and 11, *supra*) is to enforce its public policy of requiring these officers "to exercise due care while making arrests, and not to unnecessarily injure persons arrested," *State for Use of Smith v. Smith,* note 7, *supra,* at 826, it ties closely into a § 1983 suit, which must rest on state action. That is, Mississippi may feel that intentional torts by bonded public officials are more serious than the normal intentional tort, and thus may warrant a longer statutory limitation period.