**Frank HOLLADAY, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**Keith ROBERTS et al., Defendants.**

**No. EC 76–114–K.**

United States District Court, N. D. Mississippi, E. D.

Jan. 6, 1977.

James D. Waide, III, West Point, Miss., for plaintiff.

Peter Stockett, Asst. Atty. Gen., Jackson, Miss., for defendants.

## MEMORANDUM OPINION

KEADY, Chief Judge.

Plaintiff in this action seeks to recover damages resulting from the alleged confiscation of his automobile by the Alcoholic Beverage Control Division of the State Tax Commission of Mississippi (ABC). Specifically, plaintiff claims that the Mississippi statutes [1] providing for the seizure and forfeiture of automobiles used in connection with violations of state liquor laws are violative of the procedural due process require-

---

1. Miss.Code Ann. §§ 67–1–17 and 99–27–11 (1972).

ments of the Fourteenth Amendment to the United States Constitution, and that confiscation of his automobile pursuant to these statutes entitles him to monetary relief.[2] Defendants have moved to dismiss the complaint on several grounds.

Accepting the well-pleaded allegations of the complaint as true for the purposes of this motion, *Spector v. L. Q. Motor Inns, Inc.*, 517 F.2d 278 (5 Cir. 1975), *Hargrave v. McKinney*, 413 F.2d 320 (5 Cir. 1969), the facts appear as follows:

On December 12, 1973, various law enforcement officers executed a search warrant on the residence of plaintiff's son, which is located in the Houston Judicial District of Chickasaw County, Mississippi. Among the places and things searched at that time was plaintiff's automobile. Upon discovery that the trunk of the automobile contained alcoholic beverages, the possession of which is illegal in that district, the officers contacted the defendant ABC, which then, acting actively or constructively through its director, defendant Garner, dispatched its agent, defendant Roberts, to the site to seize plaintiff's car. Roberts proceeded to seize the car, and since that time plaintiff has been given no notice of a hearing, or a hearing, on the forfeiture of his automobile. The alcoholic beverages contained in the trunk of plaintiff's automobile were placed there by plaintiff's lessee, without knowledge or consent of plaintiff.

## I JURISDICTION

■■ Defendants contend that the court lacks subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343. The basis of this contention as to § 1343 is that that statute grants jurisdiction only of "civil action[s] authorized by law"

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States . . . ;

and that plaintiff's failure to spell out in his complaint that he is asserting a claim under 42 U.S.C. § 1983, the "authoriz[ation] by law" for the claim, therefore deprives the court of subject matter jurisdiction under § 1343. This defect in plaintiff's jurisdictional allegation is hardly fatal; jurisdiction may be sustained if it is granted by a federal statute even though the statute is not pleaded, *Paynes v. Lee*, 377 F.2d 61 (5 Cir. 1967). Even a cursory reading of the complaint here reveals that 42 U.S.C. § 1983–28 U.S.C. § 1343(3) jurisdiction is proper as to the individual defendants.

■ The basis of defendants' contention that no jurisdiction of this claim exists under 28 U.S.C. § 1331 is that the courts of Mississippi are available to plaintiff for pursuit of his claim for relief. There is obviously no merit to the argument that a person asserting a cause of action based on violation of a right secured by the Constitution of the United States must resort to a state forum. *See Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed.2d 939 (1946). Clearly, 28 U.S.C. § 1331 provides federal court jurisdiction of the Fourteenth Amendment claim against the defendant ABC. *See Sartin v. Columbus Utilities Commission*, 421 F.Supp. 393 (N.D.Miss. 1976).

## II DUE PROCESS

■ Defendants' position that the complaint fails to state a cause of action in that it fails to adequately allege a constitutional violation is, in effect, an assertion that the Mississippi statutes authorizing seizure and forfeiture of vehicles connected with violations of state liquor laws satisfy Fourteenth

---

2. Plaintiff does not request declaratory or injunctive relief. Since disposition of his claim, and this motion, however, necessarily entails a declaration by the court on the constitutionality of the challenged state statutes, the court must consider the issue. *See Hawkins v. Frick-Reid Supply Corp.*, 154 F.2d 88 (5 Cir. 1946);

Rule 54(c), F.R.Civ.P. Even though this action was commenced prior to amendment of the three-judge court statutes, 28 U.S.C. § 2281 does not prohibit a single judge from granting declaratory relief, *Riddell v. National Democratic Party*, 508 F.2d 770 (5 Cir. 1975).

Amendment due process requirements. This position is correct to the extent that forfeiture laws consistently have been held not to violate the due process prohibition against the "taking" of private property by the state without just compensation. These laws have withstood constitutional attack even where they provide for forfeiture of property used in or connected with criminal activity without the consent or knowledge of its owner, at least where the owner voluntarily has entrusted his property to the person using it in violation of the forfeiture law.[3] *E. g., Van Oster v. Kansas,* 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed. 354 (1926); *United States v. One 1970 Buick Riviera,* 463 F.2d 1168 (5 Cir. 1971). A totally distinct question, however, is presented as to whether the procedures adopted by a state for effectuating the forfeiture of personal property connected with criminal conduct comport with procedural due process.

 It cannot be disputed that the "right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society," *Joint Anti-Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 168, 71 S.Ct. 624, 646, 95 L.Ed. 817, 852 (1951) (Frankfurter, J., concurring). Clearly, then, the failure of a state to provide opportunity for a hearing either before or after seizure of private property violates Fourteenth Amendment due process requirements, *Watters v. Parrish,* 402 F.Supp. 696 (W.D.Va.1975); *Seals v. Nicholl,* 378 F.Supp. 172 (N.D.Ill.1973). Normally, due process prohibits outright seizure without opportunity for a prior hearing, but "[t]here are 'extraordinary situations' that justify postponing notice and opportunity for a

hearing," *Fuentes v. Shevin,* 407 U.S. 67, 90, 92 S.Ct. 1983, 1999, 32 L.Ed.2d 556, 575 (1972). Seizure for forfeiture presents such an "extraordinary situation," allowing post-seizure hearing, *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), but the hearing still must be "at a meaningful time and in a meaningful manner," *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 (1965).

 A further elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1949). Reasonable notice where an interested person's name and address is known or is easily obtainable is individual notice, *see Mullane,* supra, 339 U.S. at 318, 70 S.Ct. 652, 94 L.Ed. at 875. "Therefore, due process would appear to require in most instances that owners of vehicles seized pursuant to the Act be afforded timely and adequate personal notice [of the proposed forfeiture]," *Fell v. Armour,* 355 F.Supp. 1319, 1328 (M.D.Tenn.1972) (three-judge court).

The constitutionality of the procedures provided by the Mississippi statutes in question, Miss.Code Ann. §§ 67–1–17, and 99–27–11 and –13 (1972),[4] must be determined by the foregoing standards. The procedure provided by § 67–1–17, and that provided by §§ 99–27–11 and –13, involve different

---

**3.** The Mississippi Supreme Court has construed one of the statutes here in issue, § 99–27–11, as not allowing forfeiture of automobiles involved in liquor law violations without the knowledge or consent of the automobile owner, *Stringer v. State,* 229 Miss. 412, 91 So.2d 263 (1956); *Lowery v. State,* 219 Miss. 547, 69 So.2d 213 (1954). No case presenting this issue as to § 67–1–17 has been considered by the Mississippi Court.

**4.** The defendants contend only § 67–1–17 is in issue. There is no way, however, that the court can determine from the materials before it which of the forfeiture statutes was utilized in the confiscation of plaintiff's automobile. At this juncture, we only examine the complaint to determine whether plaintiff "can prove [any] set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson,* 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957).

considerations, and the statutes therefore are dealt with separately for the purposes of this motion to dismiss.

### A. Section 67–1–17

This section provides:[5]

It shall be unlawful for any person to have or possess either alcoholic beverages or personal property intended for use in violating the provisions of this chapter, or regulations prescribed under this chapter, or Chapter 31 of Title 97, Mississippi Code of 1972. No property rights shall exist in any such personal property or alcoholic beverages. All such personal property and alcoholic beverages shall be seized and forfeited to the State of Mississippi.

When a seizure is made under this section the seizing officer shall store the property for the commission and furnish the commission with an inventory as soon as practicable after seizure. The commission is herewith authorized to offer for sale and sell the seized property to the highest bidder, such bidder being any person, firm, or government agency residing or located where sales of such property are legal and the bidder is authorized to purchase the property. The offer for sale shall be made to not less than three qualified prospective buyers, by mailing them an invitation to bid which shall describe the property, terms of sale, method of delivery, manner of bidding, and fixing a time of not more than fifteen days from the date of invitation for opening of bids received by the commission.

All bids and payment shall be made in the manner as prescribed by the commission. Bids after opening shall be subject to public inspection.

If no satisfactory bids are submitted, or if only a part of the property is sold, the balance remaining unsold may be destroyed by the seizing officer or written orders from the commission. Any consumables other than alcoholic beverages seized pursuant to this section may, on written orders from the commission, be donated to a public institution of the State of Mississippi for use by said institution.

Defendants, on one hand, glibly assert that as to this statute, no claim has been stated upon which relief can be granted as the statute "provides for seizure and sale of personal property intended for use in violating the provisions of the laws *without the necessity of a hearing.*" (Emphasis added). On the other hand, defendants contend that a constitutionally adequate opportunity to be heard prior to forfeiture is provided the owner of an automobile seized pursuant to this statute by independent actions for possession and damages maintainable under Mississippi law subsequent to the seizure. The former position is absurd. The latter is more creditable, but the independent action suggested by defendants—replevin—clearly is not available in Mississippi for property in *custodia legis, Price v. Green,* 186 So.2d 460 (Miss.1966); *Stringer v. State,* 229 Miss. 412, 91 So.2d 263 (1956).

Even assuming, however, that some independent, post-seizure judicial remedy available under Mississippi law could satisfy the due process requirement of a pre-forfeiture meaningful hearing, see *Phillips v. Commissioner of Internal Revenue,* 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1930), § 67–1–11 nevertheless is procedurally defective under Fourteenth Amendment standards.[6] We are driven to this

---

**5.** Section 27 of Chapter 31, Title 97 of the Mississippi Code, referred to in §§ 67–1–17 and 99–27–11, prohibits possession of intoxicating beverages, except as otherwise authorized by Chapter 31.

**6.** The Mississippi claim and delivery action, Miss.Code Ann. § 11–38–1 et seq. (Supp.1976), appears broad enough to encompass a challenge to state seizure of an automobile. Because § 67–1–11, however, is constitutionally

inadequate for a reason other than failure to provide opportunity for a hearing, we need not decide whether in the context of seizure of an automobile for forfeiture, the Mississippi claim and delivery action satisfies the due process requirement of a hearing "at a meaningful time", *Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). We note, though, that highly relevant to the "meaningful time" question is "[t]he great importance of one's interest in an automobile under present-

conclusion because the statute does not provide, either by its express terms or by any reasonable construction, that any notice whatsoever be given the owner of a seized vehicle prior to its forfeiture.[7] "The right to a hearing is meaningless without notice," *Walker v. City of Hutchinson*, 352 U.S. 112, 115, 77 S.Ct. 200, 202, 1 L.Ed.2d 178, 182 (1956).

The contents of the notice must be such as to insure that the owner of the seized vehicle be afforded the constitutionally required meaningful opportunity to be heard. As the notice must afford the owner seeking recovery of his vehicle an opportunity to present his objections to the forfeiture, the notice must necessarily state the reasons for the seizure and the procedure by which he may seek recovery of his vehicle, including the time period in which he must present his claim for recovery, and the penalty for failure to file within the time period.

The procedure by which an owner of a seized vehicle may seek its recovery should to the extent practicable be designed to maximize notice and opportunity to be heard. The State has an obligation to make a good faith effort to give the constitutionally required notice personally to the owner of a seized vehicle. *Fell v. Armour*, 355 F.Supp. at 1329. The failure of § 67–1–11 to provide for any notice, much less reasonable notice, to the owner of a seized vehicle prior to its forfeiture inexorably renders the statute unconstitutional on its face.

B. Sections 99–27–11 and –13

These sections of the Mississippi Code provide an alternative scheme to § 67–1–11 for seizure and forfeiture of vehicles used in connection with violation of state liquor laws. While § 67–1–11 provides for forfeiture of such vehicles to the state, these statutes allow seizure and forfeiture to counties. The statutes provide:

§ 99–27–11. Seizure and destruction of intoxicating liquors and appliances permitted—writ of seizure for vehicles, etc.

No property rights shall exist in any person, natural or artificial, or be vested in them in any intoxicating liquors or intoxicating drinks prohibited by Chapter 31 of Title 97, Mississippi Code of 1972 or this chapter from being manufactured, or distilled, or sold, or possessed, nor shall any property rights exist in such persons of stills, fixtures, furniture, vehicles, automobiles or other motor-power means of transportation, or in boats, ships, or other water craft, or air-craft or any other articles, when such articles are being kept or used, directly or indirectly, as means and appliances to violate the provisions of said chapters, and all such things may be seized by any sheriff, or other lawful officer of this state and destroyed and rendered useless without any formal order of the court, and may be searched for and seized under the laws of this state. But all vehicles, conveyances, or other means of transportation above described, kept and used in handling of liquor or otherwise violating the provisions of said chapters may be first seized by such sheriff, or other lawful officer, who shall immediately make complaint under oath before the proper officer, or court, stating the facts connected with said seizure by him, giving the name or names of the person or persons found in possession or control of each article taken that was being used in transportation as well as the intoxicating liquors, or drinks and appliances or other articles seized and taken by him, and also giving the name of the owner of each article, if the same is known to him. Whereupon the said officer or court shall summon into his court all interested parties and may issue a writ of seizure, if said property, or any part of it is not in the possession of said officer, for the seizure of any of said property and the summoning of the inter-

---

day conditions . . . . An automobile . . may be essential to the pursuit of a livelihood," *Fell v. Armour*, 355 F.Supp. at 1329.

7. Compare the procedure provided by §§ 99–27–11 and –13, *infra*.

ested parties into court, as in proceedings for the enforcement of purchase price liens against property.

§ 99–27–13. Owner may interpose claim to seized property—jurisdiction and procedure.

If any person claims the intoxicating liquors seized or any of the appliances either for handling, making, possessing, or transporting which have been seized, he may put in his claim therefor under oath stating in detail why said property, or any of it so seized, should not be destroyed, or sold for the benefit of the county, and said affidavit shall state the market value of the property so claimed by him, which amount as so fixed shall determine the jurisdiction of the court as to the amount involved or the value of the property. If the affidavit fixes the value of the property at $200.00 or less and the proceeding is returnable before a justice of the peace otherwise having jurisdiction, the said justice of the peace shall finally dispose of the issue in the case joined under his direction. But if the affidavit fixes the value of the property at more than $200.00 the justice of the peace before whom the case is returnable shall forthwith transfer said cause to the circuit court of the county having jurisdiction to try the case, where the issues shall, under the direction of the circuit court, be joined between the State of Mississippi and the said claimant, and the case there tried as other cases. But if the affidavit of the officer in the first instance shows that the value of the property does not exceed $200.00 and no claim is interposed by the parties in interest, on or before the return day of the summons and writ of seizure, the justice of the peace on the return day shall hear and dispose of the property, and may order all liquors, stills or integral parts thereof and all other unlawful articles to be destroyed, and may condemn all vehicles of transportation to be sold and the proceeds, after deducting the costs, paid into the county treasury to the credit of the general county fund. In the event the property is claimed by parties interested

and issues joined in any court having jurisdiction of the case, such court trying the case shall have the rights of the state and the claimant determined in a trial according to the rules of procedure in such court, and if it be determined that any property involved in such trial was kept, possessed, manufactured, or used in violation of any provision of Chapter 31 of Title 97, Mississippi Code of 1972 or this chapter it shall be ordered destroyed and rendered useless for unlawful use, but all vehicles, boats and other means of transportation used in transporting articles in violation of said chapters shall be condemned to be sold and the proceeds from such sale, after paying the costs of the courts, shall be placed in the county treasury to the credit of the general county fund.

But in all such trials and proceedings as provided for in this section the claimant may, before he shall file his claim, be required to execute a solvent bond in sufficient amount to cover all costs that may likely accrue, conditioned that he will pay all costs in the case that may be adjudged against him, and in the event the claimant fails to establish his claim, or any part of it to said articles, he may be taxed with all, or any part of the costs of the case, and judgment shall go against his sureties for all costs adjudged against him.

■ Unlike § 67–1–11, these statutes, when construed together, establish a constitutionally acceptable procedure for seizure and forfeiture of automobiles used in connection with liquor law violations. As we read § 99–27–11, it is a catch-all providing for forfeiture of all articles directly or indirectly used in or connected with violations of state liquor laws. The statute allows summary seizure and destruction of all such articles other than automobiles, boats, airplanes, etc. When an automobile or another of these vehicles is seized pursuant to the statute, the seizing officer is required to initiate a judicial action for forfeiture of the vehicle, naming the person in possession of the vehicle at the time of seizure "as well as [the person in possession of] the intoxi-

cating liquors, or drinks and appliances or other articles seized," and naming the owners of these items, "if the same is known to him." Since the owner of any licensed automobile always can be ascertained by law enforcement personnel, we believe the only reasonable interpretation of the statute is that it requires the owner of any licensed automobile seized under the statute to be named in the seizing officer's complaint. The statute further provides that summons in a forfeiture proceeding shall issue for the persons named in the seizing officer's complaint.

There can be no doubt but that service of a summons upon an owner of a seized vehicle advising him of the pendency of a subsequent forfeiture proceeding constitutes due process notice of the proceeding. This notice, coupled with the opportunity provided an owner by § 99–27–13 to interpose a claim to seized property prior to its forfeiture, fully satisfies Fourteenth Amendment notice and hearing requirements.[8]

## III IMMUNITY OF DEFENDANTS

### A. The ABC.

 As an alternative basis in support of its motion to dismiss, defendant ABC contends that it is a state agency entitled to the immunity to federal court actions for damages provided the state by the Eleventh Amendment to the United States Constitution. We agree that the Eleventh Amendment bars recovery of damages from the ABC. Section 67–1–19 of the Mississippi Code "create[s] the alcoholic beverage control division within and as a part of said [state tax] commission." As a non-autonomous part of the state tax commission, the ABC is entitled to the same protection from suit afforded the commission by the Eleventh Amendment. Since "[a]ll funds collected by the chairman of the state tax commission and by the state tax commission

under the provisions of any law are designated as public funds of the State of Mississippi," Miss.Code Ann. § 27–3–57 (1972), any damages awarded against the commission, or the ABC, necessarily would be payable from the state treasury. A federal court suit for damages against the commission, or the ABC, is therefore prohibited by the Eleventh Amendment, *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), except in certain circumstances not applicable here. See, e. g., *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); *Parden v. Terminal Railroad of Ala. State Docks Dept.*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964).[9] It is immaterial whether the monetary relief sought is characterized as restitution or damages, *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); *McAuliffe v. Carlson*, 520 F.2d 1305 (2 Cir. 1975).

Regardless, however, of the fact that an award of damages is unavailable against the ABC in this action and that dismissal of the complaint is required insofar as it requests damages from the agency, we believe the ABC should remain a party defendant so that it will be bound by the court's declaration of the unconstitutionality of Miss.Code Ann. § 67–1–17.

### B. Individual Defendants.

Defendant Garner, director of the ABC, and defendant Roberts, an ABC agent, as an alternative basis for their motion to dismiss the complaint for failure to state a claim upon which relief can be granted, assert that they are shielded from individual liability on this claim by the qualified immunity afforded executive officers for their good faith actions. Whether plaintiff's automobile was seized and forfeited under § 67–1–17 or under §§ 99–27–11 and –13, a matter not yet determined, is highly

---

8. Although unnecessary to our disposition of this motion, we note that one court has held a $250 cost bond requirement similar to that of § 99–27–13 violative of the due process and equal protection clauses of the Fourteenth Amendment. *Fell v. Armour*, 355 F.Supp. 1319 (M.D.Tenn.1972).

9. Plaintiff's theory that the Fourteenth Amendment alone abolishes Eleventh Amendment immunity was implicitly rejected in *Fitzpatrick. Jagnandan v. Giles*, 538 F.2d 1166 (5 Cir. 1976).

significant to the immunity question; *i. e.,* whether seizure and forfeiture were made pursuant to an unconstitutional statute, § 67–1–17, or whether plaintiff's automobile was seized and forfeited pursuant to a constitutional statutory scheme, §§ 99–27–11 and –13, but without following the constitutional procedures for forfeiture required by the statutes.

■ If the seizure and forfeiture in issue here were carried out under § 67–1–17, the good faith immunity afforded executive officers by *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), cannot, under the facts alleged, shield defendants Garner and Roberts from personal liability.

■ Plaintiff alleges that the seizure and forfeiture of his automobile, without notice or hearing, was carried out pursuant to the orders and policies of defendant Garner. Sufficient involvement of Garner in the forfeiture is thus alleged to state a claim against him under § 1983, *Ford v. Byrd,* 544 F.2d 194 (5 Cir. 1976). The direct participation of Roberts in the seizure pursuant to the unconstitutional statute obviously is sufficient to state a § 1983 claim against him.

■ To be entitled to *Scheuer* qualified immunity, an officer not only must have subjectively believed that his actions complained of were proper, but the actions also must have been reasonable in light of established constitutional principles, *Wood v. Strickland,* 420 U.S. 308, 94 S.Ct. 1932, 43 L.Ed.2d 214 (1975).

> Thus, even if defendants here did rely on statutory provisions to provide less than actual notice to plaintiff, such action does not constitute justification in circumstances such as those involved in this case and cannot, therefore, form the basis of a good faith defense.

. . . . .

The failure to provide any opportunity to challenge the validity of the [seizure], and thus force plaintiff to face the imposition of a penalty or the loss of his property, is even less defensible. Significantly, defendants argue no justification for this procedure and we can find none. No officer of the law could seriously argue that to deprive someone of his property without any process of law whatsoever is anything but "patently unreasonable and without arguable support in logic or policy." Thus, we find defendants' assertion of the defense of good faith is not sufficient to avoid liability in the facts of this case. *Seals v. Nicholl,* 378 F.Supp. 172, 178–79 (N.D.Ill.1973).

Clearly, the qualified good faith immunity provided by *Scheuer* and *Wood* provide no basis for dismissal of the complaint against defendants for the alleged seizure and forfeiture of plaintiff's automobile pursuant to § 67–1–17.[10]

■ If the seizure and forfeiture of plaintiff's car were pursuant to §§ 99–27–11 and –13, defendant Roberts still would not be entitled to good faith immunity under the facts alleged. Assuming the seizure was made under § 99–27–11, Roberts failed to carry out his statutory obligation to institute a judicial forfeiture proceeding, thereby denying plaintiff his right to notice and an opportunity to be heard prior to forfeiture of his automobile. Obviously there is no way such inaction could be characterized as reasonable, whether from a subjective or objective point of view.

Different considerations as to defendant Garner would come into play if the forfeiture was to a county rather than to the state. Garner is in no way connected with forfeiture to a county pursuant to §§ 99–27–11 and –13, and he would therefore lack the personal involvement in the alleged

**10.** In connection with defendants' claim of entitlement to immunity for the seizure and forfeiture under § 67–1–17, it should be noted that in 1971, § 67–1–17 (then § 10265–07 of the 1942 Mississippi Code) was declared unconstitutional (for reasons unknown to this court) by the Circuit Court of Neshoba County, Mississippi.

The judgment of the circuit court was appealed to the state supreme court, where the appeal was dismissed as untimely without consideration by the supreme court of the constitutionality of the statute, *State Tax Commission v. Clinton,* 267 So.2d 312 (Miss.1972).

deprivation of plaintiff's constitutional rights necessary to sustain personal liability under § 1983.

## IV STATUTE OF LIMITATIONS

 As a final ground in support of their motion to dismiss, defendants contend plaintiff's claim is barred by the applicable state statute of limitations. Defendants, however, have not briefed this issue, or advised the court what statute of limitations they believe to be controlling.

Nevertheless, we believe defendants' contention is not well taken. To determine the state statute of limitations applicable to a § 1983 action, we must determine "the Mississippi statute of limitations which would be applied had this or a similar action against these defendants been brought in state court," *Shaw v. McCorkle,* 537 F.2d 1289, 1293 (5 Cir. 1976), or, in other words, how "a Mississippi court [would] categorize this action or an action seeking similar relief, and which state statutory limitation period would apply to the action so categorized," *id.* We believe plaintiff's claim would be treated by a Mississippi court as an action for the tort of conversion. Since there is no Mississippi statute of limitations specifically applicable to actions for conversion, the 6-year general statute of limitations, Miss.Code Ann. § 15–1–49 (1972), is applicable, and plaintiff's claim thus was filed well within the statutory period of limitations.

In sum, we find that the court has jurisdiction of plaintiff's claim, that the complaint states a claim upon which relief can be granted, that defendant ABC is immune under the Eleventh Amendment to an award of damages, that no *Wood v. Strickland* good faith immunity entitles the individual defendants to dismissal of the complaint, and that plaintiff's claim is not time-barred. An order will be entered accordingly.